## JAMES F. R. O'NEIL'S APPEAL FROM PROBATE.

Fairfield Co., Oct. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and STODDARD, Js.

An administratrix, who was herself one of the heirs at law, obtained a probate order for the distribution of the estate among four distributees named, of whom she was one, fraudulently concealing the fact, known to her, that another heir existed. After the distribution had been made, returned to the court, and accepted, this heir took an appeal

from the order of distribution. Held, in reversing the order, that the administratrix was not protected, either by the fact that the estate had been fully distributed before the appeal, or by the fact that she made the payments to the heirs named in the order under the belief that she would be protected by the order.

Acts of a probate court which are discretionary may, in many cases, be reviewed on appeal.

[Argued October 27th—decided December 1st, 1887.]

APPEAL from a probate decree ordering a distribution of the estate of one Patrick Reynolds; taken to the Superior Court in Fairfield County and heard before *Fenn, J.* Facts found and decree reversed, and appeal by the original appellee. The case is fully stated in the opinion.

*R. E. DeForest*, for the appellant (original appellee).

*D. Davenport* and *C. S. Canfield*, for the appellee (original appellant).

STODDARD, J. The appellant is an heir-at-law of Patrick Reynolds, deceased, whose estate is in settlement in the Bridgeport probate district. Claiming as such heir-at-law, he asked the probate court to ascertain the heirs and distributees of the estate, and to make an order for the distribution of the estate to the ascertained heirs. In the orderly administration of an intestate estate this is the right of the heir to ask, and the duty of the court in due season to make. This duty is commanded by the express words of the statute. Session Laws of 1885, ch. 110, sec. 197. The only objection that is made to such an order is that upon the application of Rosa Reynolds, the administratrix, the court of probate has heretofore made an order of distribution, and that in pursuance of such order the administratrix had in fact paid over to the respective persons named in that order the several sums named therein.

The probate court refused the appellant's application. The ground of the refusal does not appear in the record, but presumably it was because the facts found by the appellate

court were not made to appear in the probate court. The order of distribution made at the instance of the said Rosa Reynolds was upon the appeal of this appellant reversed and set aside. And it is found that the appellant was not named in the first order of distribution. And it is further found by the Superior Court that " at the time the administratrix applied to the court of probate for the passage of the several orders referred to " (that is, the orders preliminary to and including the first order of distribution), " at the time of making said payments pursuant to the order, and at all times since the death of the intestate, the appellee " (Rosa Reynolds) " knew that the appellant was in existence, and was an heir to the estate, as hereinbefore recited, and intentionally concealed and withheld said knowledge from the court of probate, and that the several orders were passed in consequence of the representations of the appellee and in accordance with such representations."

Rosa Reynolds was a sister of the deceased and an heir-at-law, and was named as distributee in the first order. Her distributive share of the estate was of course enlarged by the exclusion from the list of the distributees of the name of the appellant, also a lawful heir. She obtained the orders that so resulted, knowing that the appellant was living and was entitled to a share, by intentionally concealing such knowledge from the probate court. In so doing she violated her faith and duty to the appellant. It was a breach of trust, and the orders were obtained through the active willful fraud of the administratrix. The orders were so fraudulently obtained for the manifest purpose of paying over to herself and the other named distributees the share of the estate that belonged to the appellant. And now her learned counsel says that, having consummated her fraudulent purpose, the administratrix is protected, because, he says, such a payment is a payment made in good faith. In order to make the logic symmetrical he also defines the " good faith " to be the existence of a belief on the part of the administratrix that the law would protect her if she in fact made the payment under an order of court.

We think that the good faith attending a payment made by an administrator, under an order of court, which order is afterwards reversed, is not simply a belief on the part of the administrator that such payment will protect him, and that in the present case the actual bad faith and fraud established by the finding of the court is wholly inconsistent with the existence of the good faith essential to the statutory protection.

It is also said that the action of the probate court denying the application of the appellant was discretionary.

Without considering whether it was so discretionary with the probate court, it is the settled law in this jurisdiction that the disposition of discretionary matters of this character by the probate court is subject to revision by the appellate Superior Court, and if it is a discretionary matter the final exercise of discretion resides in the Superior Court. *Weisne's Appeal from Probate*, 39 Conn., 538.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.