## RATHBUN *against* MILLER.

CRARY, for the defendant, moved to set aside the
admeasurement of dower, made by the surrogate of
*Washington*, in this case. The motion was brought on
pursuant to a written notice from *Miller* to *Rathbun*, sta-
ting, that conceiving himself aggrieved by the proceed-
ings of the surrogate, under the act relative to dower,
out giving notice of the proceedings to the adverse party ; this court, on
the proceedings to be set aside.

*Where a surro-
gate proceeded,
on the applica-
tion of a widow,
to appoint ad-
measurers of
dower, and had
the same admea-
sured under
the act, (29th
sess. c. 68.) with-
out, on motion, ordered*

passed *April* 7th, (29th sess. c. 158. vol. 4. 616.) supplementary to the act passed the 26th *January*, 1787, he gave notice of the causes of complaint as follows : 1. That the proceedings, before the surrogate, were *ex parte*, and without any notice of any application to him for the apportionment of dower ; 2. That there had been set apart to *Rathbun*, the whole of the buildings, more than half the apple trees and meadow land, and other lands of more value than the remaining two thirds of the estate, subject to dower ; and that he should, therefore, apply to this court, at the present term, for relief in the premises.

It appeared, from the affidavit of *Miller*, as well as the record of the proceedings before the surrogate, that no notice had been given to *Miller* of the application to the surrogate, for the appointment of admeasurers of dower.

*Wendell*, contra.

*Per Curiam.* This motion, to set aside the admeasurement of dower, is made under the act of the 29th sess. c. 168. by which this court is authorized to review the proceedings had under the order of the surrogate, and to do therein what shall be just. The causes of complaint, stated in the notice to the widow, are, 1. That the proceedings were *ex parte*, and without any notice of the application to the surrogate ; 2. That the admeasurement was unequal and unjust. The appeal is made in due time, and upon the requisite notice ; and, without questioning the merits of the admeasurement, the court are of opinion that the proceedings were irregular, for want of notice to the adverse party of the intended application to the surrogate. Here was a judicial discretion to be exercised in the appointment of " three disinterested freeholders, to admeasure," &c. and, according to the doctrine in the case of *Bouten* v. *Neilson*, (3

*Johns. Rep.* 474.) notice was requisite. The ad-
verse party was not only entitled to be heard against the
appointment of the admeasurers; but he was entitled to
show that the widow had already her dower set off, or
assigned to her, within 40 days after the decease of her
husband; and if that had been shown to the satisfaction
of the surrogate, he ought not to have proceeded.

What shall be deemed a reasonable notice to the ad-
verse party, of the time and place of application, is not
defined in the act. Perhaps 30 days would be sufficient.
On the ground, then, of want of notice, the motion to
set aside the proceedings is granted; and the widow
must apply, *de novo*, to the surrogate.

Motion granted.