LOW, TAYLOR & CO. vs. SAMUEL GOLDSMITH.

*Petition for Certiorari.*

*It seems*, that if a party seek to avail himself of an error of the Court, so as to carry up his case by certiorari, he must reduce his exceptions to writing at the time, and tender them, during the trial.

And where no exceptions had been tendered during the term, but were presented to the individuals composing the Court, separately, and on succeeding day, and were thus signed by them, and such exceptions were contradicted by a statement signed by the same Judges, the rule was refused " upon the great irregularity of the proceedings."

**By LAW, Judge.**

IT appears in this case that no exceptions in writing were presented to the Court during the trial ; that no note or memorandum in writing of any exception taken, was made by the Court at the time of the trial, or during the continuance of the term ; and that they were not requested to make any : that after the adjournment of the Court, and on a succeeding day, exceptions were presented in writing to the Judges who composed that Court, separately and individually, and were thus signed by them.

It does not appear that any notice was given, or opportunity afforded the adverse counsel, of contesting the correctness of the exceptions thus presented. Whilst these exceptions are presented to me on the one hand, as containing a true statement of the occurrences at the trial, and furnishing the grounds upon which the writ of *certiorari* ought to issue ; on the other hand, a certificate signed subsequently by the same Judges, contradicting in many respects the verity of the exceptions which they had signed, is furnished. Perhaps few cases could have occurred more strongly calculated to illustrate and enforce the propriety and even necessity of the construction given by the English Courts to the statute *West. 2d,* upon which it was held, that although the statute appoints no time

when the exception should be reduced to writing, yet, upon the nature and reason of the thing, it must be when the exception is taken and disallowed.   The substance must be reduced to writing whilst the thing is transacting.   The statute of Georgia, like the English statute, does not appoint the time when, but requires that the party making such exceptions shall offer them in writing signed, &c.   The facts attending a trial are extremely liable to be mistaken or forgotten, if they are not reduced to writing at the time, and presented distinctly to the Court during the continuance of the term.   Convenience and the certainty and advancement of justice, seem to me absolutely to require such a construction of our Act.   From a different view the most embarrassing difficulties would ensue, fatal to the ends of justice, and pregnant with inconvenience to the Judges themselves.   Frequently in their extreme anxiety to promote, they would defeat the course of justice, by trusting too much to slippery memory; as to what did occur, rather than refuse the means of a hearing before a higher tribunal.   But if fearful of memory, Judges should refuse to sign, it would be the source of perpetual applications for mandamus to compel them. It may be that if the exception be insisted on at the time, the party may have other testimony, and need not put the cause on that point, and hence again the necessity that you shall take it at the time, and not resort back to it when a verdict has gone.   It is not the verdict or parol objection raised to the admission of testimony that can entitle to a bill of exceptions.   It is the requisition then made, that the point may be reduced to writing, that it may not be the subject of mistake, and shewing that the party intends to stand upon his exception.   And thus too, an opportunity is afforded the Court of having the point correctly stated in the presence of both the counsel.   Regularly, the bill of exceptions ought to be tendered during the trial, but the practice is to allow counsel to put the points thus taken down in writing, during the trial, into form, or in other words, to draw the formal bill of ex-

ceptions and tender it afterwards.* So far as this particular case is concerned, the words of our Act in another particular, deserve to be noticed. It says, if such exceptions shall be overruled by the *Court.* This trial took place before a special Court convened for the particular purpose. It ceased to be a Court after its adjournment, and it may be worthy of enquiry how far the individual acts of the Judges who composed that Court can be considered as the act of the Court, after its final adjournment.† But without deciding this, upon the great irregularity of these proceedings as they have come up before me, I cannot entertain jurisdiction of the cause.

The rule to shew cause, is therefore, discharged, and the prayer of the petitioner refused. See the following authorities:

1 *Salk*, 288. *Bull*, n. p. 315. 2 *Tidd's* pract. 788. 1 *Bos & Pull*, 32. 6 *John*. Rep. 281. 9 *John*. Rep. 345.

M. SHEFTALL, for petitioner—R. W. HABERSHAM & J. C. NICOLL, contra.

---

* As to distinction between the *Constitutional* and *Judicial* writ of certiorari, see ex parte *Simpson, supra* p. 117, and see, also, *Roser* vs. Ex'ors of *Dugger, infra.*—(*Ed.*)

† See *Woodruff & Co.* vs. *Dean & Mahoney*, Dudley's Rep. 215.—(*Ed* )