### JOHN HARRIS *versus* ISAAC STURDIVANT.

The adjudication by fence viewers, as to the sufficiency and value of a fence built by one party, is invalid, unless previous notice to the other party be given, of the time and place of their meeting, to examine into the subject, that he may have opportunity to appear before them, to present his views and protect his rights.

CASE, under chap. 29, § 9, R. S., to recover double the value of that portion of a partition fence, assigned by fence viewers to the defendant, which was built by the plaintiff on account of the neglect of defendant. The action was tried in the District Court before GOODENOW, J., and a verdict returned for the plaintiff. No evidence was introduced by the defendant. Exceptions were taken to many of the rulings during the trial, and to many of the instructions to the jury, and for withholding those requested by the defendant. Only one point in the case was noticed by the Court, and consequently the others need not be mentioned.

No previous notice of the time and place for adjudicating by the fence viewers, upon the sufficiency and the value of the fence was alleged in the declaration, to have been given to the defendant, nor was any such notice proved. The defendant requested the Judge to instruct the jury, that on the whole evidence in the case, this action could not be maintained. But the Court declined to give the instruction.

*W. P. Fessenden*, for plaintiff.

*Sweat*, for defendant.

HOWARD, J. — The plaintiff brought this action under c. 29, of the R. S. to recover double the value of a fence, which he claims to have built, in pursuance of an assignment by fence viewers, and in consequence of the neglect of the defendant to comply with their assignment and adjudications. Various objections to the maintenance of the action were taken at the trial, in the District Court, and were made the subject of exceptions.

But the principal question presented to us is, whether the defendant was entitled to previous notice of the adjudication

Harris *v.* Sturdivant.

of sufficiency of the fence, by the fence viewers, and of their adjudication, or estimation of its value.

Such notice was not alleged, or proved, and is not required by the express terms of the statute. Notice, however, has been held requisite to parties, and those interested in suits and proceedings under penal and remedial statutes, by reasonable and necessary implication, where no express provision was made therefor, upon the general rule and principle of justice, that, where the rights of persons are to be adjudicated, some notice should be given to enable the parties to appear, and assert and protect their rights. We cannot infer in this case, that the adjudications were to be *ex parte*, because the statute is silent upon the subject, without invading this salutary rule and principle.

In *Scott* v. *Dickinson*, 14 Pick. 276, the appraisal by the fence viewers, without notice to the delinquent party, was held to be void. The proceedings upon which that case was founded, were under the act of Massachusetts of February 21, 1786, § 2 and 3, of which the act of this State, 1821, c. 44, § 2 and 3, is a transcript.

In *Abbot* v. *Wood*, 22 Maine, 541, this Court have recognized the principle settled in *Scott* v. *Dickinson*. *Harlow* v. *Pike*, 3 Greenl. 438 ; *Commonwealth* v. *Chase*, 2 Mass. 170 ; *Same* v. *Coombs*, 2 Mass. 489 ; *Same* v. *Peters*, 3 Mass. 229 ; *Same* v. *Cambridge*, 4 Mass. 627 ; *Chase* v. *Hathaway*, 14 Mass. 222 ; *Bouton* v. *Neilson*, 3 Johns. 468 ; *Rathburn* v. *Miller*, 6 Johns. 281 ; *Kinderhook* v. *Claw*, 15 Johns. 538 ; *The King* v. *Venables*, 2 Ld. Raym. 1407 ; *The Queen* v. *Dyer*, 1 Salk. 181.

We hold, therefore, upon principle and authority, that if the adjudication and appraisal, by the fence viewers, were made without notice to the defendant, this action cannot be maintained.                     *Exceptions sustained.*

*New trial granted.*