## FAIRBANKS *v.* CHILDS.

An application to the fence-viewers may embrace the division of the fence, its sufficiency, and the limitation of time to build or repair it.

The division of the fence and the adjudication upon its sufficiency, and the limitation of time to repair it, are distinct subjects, and notice of both must be given. The fence-viewers can not limit a time of repair, unless notice of the application for that purpose is given to the adverse party.

Unless the proceedings limiting the time of repair are valid, the plaintiff can not recover under the statute, for building the defendant's part of the fence.

ASSUMPSIT, upon an account annexed to the writ, as follows:

To one half the fees paid fence-viewers in making division
of fence,                                                              $2.00

To making fence assigned to you to build, appraised by
fence-viewers,                                                          12.50

To one half the fees paid fence-viewers for appraising fence
assigned to you after it was built,                                    1.25

                                                                      _____
                                                                      $15.75

Plea, the general issue, with two dollars paid into court by
the defendant, under the rule of court, upon the first item of the
account.   The cause was tried by the court, and it appeared in
evidence that the plaintiff and defendant owned adjoining lands in
Peterborough, and that on the 8th October, 1860, the plaintiff made
application in writing to the fence-viewers of said town, to make
division of the fence on the line between said lands, "and to affix a
time for building the fence."   On the 10th of said October notice in
writing was given by the fence-viewers to the defendant, of the said
application to make division of the fence, but without reference in
said notice to the clause in the application relative to limiting the
time for building the fence.   At the time and place designated in
the notice for a hearing on the application to make division of the
fence, the plaintiff attended, but the defendant did not attend, and
the fence-viewers proceeded to divide the fence, made return of
their doings to the town-clerk, and caused a copy of their proceed-
ings, as returned to the town-clerk, to be served on the defendant;
the said return setting forth a description of the different portions
of the fence assigned to the parties, and then the following: "We
also order that the said Childs and Fairbanks build and rebuild that
part of said fence which is severally allotted to them, on or before
the 10th of November, 1860;" but neither the application nor the
return set forth any thing relative to the sufficiency or insufficiency
of any part of the fence on said line.   After the 10th of Novem-
ber, 1860, the plaintiff built a fence on his part of the line, and,
without further application to the fence-viewers, or further proceed-
ings by them, subsequently built a fence upon the part of the line
assigned, in the division of the fence, to the defendant, and soon
after building said fence made application in writing to the fence-
viewers, therein alleging that the defendant had neglected to build
the part of the fence assigned to him, and that the same had been
built by the plaintiff, and requesting them to examine and appraise
the same.   Due notice was given to the defendant of this applica-
tion, and at the time and place designated in the notice the fence-
viewers examined the fence so built by the plaintiff on the defend-
ant's part of the line, and appraised the same at $12.50, and taxed
their own fees at $3.   The fees of the fence-viewers for making
the division, amounting to $4, and their fees for examining and
appraising the fence, were paid by the plaintiff, and prior to the
commencement of the suit the account for one half said fees and
the said $12.50, the appraised value or cost of the fence, was pre-
sented by him to the defendant, and payment thereof demanded.

The defendant contended that upon these facts the action could not be maintained, because,—

I. The defendant had no notice of any application to the fence-viewers to limit a time for building his part of the fence; because,

II. No application was made to the fence-viewers, after the division of the fence, to examine the fence on the defendant's part of the line, and judge whether the same was sufficient or insufficient, and if found insufficient to limit a time for building the same; and because,

III. Before the fence was built by the plaintiff upon the part of the line assigned to the defendant, there was (1) no application to the fence-viewers to judge whether the fence thereon was insufficient; (2) no adjudication by the fence-viewers, that it was insufficient, and (3) no notice to the defendant that there was such application or adjudication.

The defendant proposed to prove that there was not a reasonable time given under the first application for building the fence on the part of the line assigned to him, to which the plaintiff objected.

For the purpose of determining the law of the case, by consent of parties the foregoing case, and the questions of law arising thereon, were reserved for the consideration of the whole court.

*Morrison, Stanley & Clark,* for the plaintiff.

*G. Y. Sawyer,* and *Dearborn & Scott,* for the defendant.

BELL, C. J. By the Revised Statutes (ch. 136), the fence-viewers may divide the fence between lands of adjoining owners, where they do not agree on a division; may view any fence alleged to be insufficient, and, if so adjudged, may limit a time for the owner to build or repair it; and when, on his neglect, it is rebuilt by the adjoining owner, may appraise its value, if they find the whole fence sufficient, and the builder may then recover of the delinquent double its appraised value. They can act only on application in writing, and any application may embrace so many subjects, as, from the nature of the case, may be acted upon at one meeting. They must give notice in writing to other parties interested of every application and hearing, must make their decision in writing, and give copies of it to the parties within a week, and the applicant is to pay their fees, and may recover half the amount of the other party.

It is objected that in the first application two subjects were embraced, which, from the nature of the case, could not be acted upon at the same meeting; the division of the fence, and the consideration of its sufficiency, and the limitation of the time to rebuild, or repair it. It is said that after the fence is divided the party must have a reasonable time to build or repair it, before any proceeding is had to adjudicate upon its sufficiency, or to limit a time for building or repairing it. But we are unable to perceive any incompatibility between these subjects which should prevent their being acted upon together. The law intends that the party should have a reasonable time to build or repair his part of the fence, after it is

assigned to him upon a division; but it seems to us that the proceeding to limit a time for such repairs was designed to reduce to a certainty what number of days was to be regarded as reasonable—a point which the common law must always leave indefinite. *Eames* v. *Patterson*, 8 Greenl. 81.

If there is no sufficient fence upon the line of the lands, there seems to us no objection to the applicant at the same time praying for a division of the fence, and if the fence is found insufficient, for the limitation of a time to build or repair it. Notice to build or repair is to be given to the delinquent party, but we think the word delinquent means only the party whose fence is defective.

The proceedings in this case are not so fully stated that we can see what allegations were made in the application, nor what were the precise adjudications of the fence-viewers. But as it is stated that neither the application nor the return set forth any thing relative to the sufficiency or insufficiency of the fence, on any part of the line, after the 10th of November, the day limited for rebuilding the same, we think it may be fairly inferred that the insufficiency of the fence at the time of the application was alleged and found at the date of the division by the fence-viewers. If upon this negative evidence we assume this to be the fact, the proceedings seem to us to be well enough in this particular.

A second objection is, that though notice was given to the defendant of the application to divide the fence, none was given him of the second branch of the application, that the fence might be adjudged insufficient, and a time might be fixed for building or repairing it; and this objection seems fatal to the decision of the fence-viewers on this point.

Two subjects were embraced in the application, essentially distinct, not necessarily or naturally connected, looking to different objects, and treated by the statute as distinct, and as the foundation of separate applications, though, as we have said, capable of being united. Notice is required to be given in writing to other parties interested of every application. If more than one subject was embraced in the application, one notice as to both would be sufficient; *Lamb* v. *Hicks*, 11 Met. 496; but the notice must embrace all the subjects included in the application, or it will be insufficient as to those omitted. *Glidden* v. *Towle*, 31 N. H. 147. The jurisdiction of fence-viewers is of the most limited kind — confined to a small number of cases — and its modes of proceeding prescribed by statute. *Langley* v. *Hilton*, 34 Me. 332. All the requirements of the statute as to the nature and form of the notice, &c. are essential to the jurisdiction, and the want of notice, which is a fatal defect in almost all judicial proceedings, is in this limited tribunal a fatal want of jurisdiction. This was so held in Massachusetts, though the statute did not in terms require notice. *Scott* v. *Dickinson*, 14 Pick. 276; *Harris* v. *Sturdivant*, 29 Me. 366.

The defendant, being notified as to the division of the fence, was not bound to be present, and by his absence he waived no objection to any matter of which he was not notified.

The right of action to recover the double value of the fence

erected by the plaintiff depends on the validity of the proceedings fixing a time for the defendant to build or repair the fence. "If the party so notified" (that is, to repair within a limited time) " shall not build or repair such fence within the time so limited, the owner of the adjoining land may build and repair the same"; "and the fence-viewers, upon application," &c., " shall appraise the fence so built or repaired"; and the right of action is then given for the double value as appraised. The right rests on the failure to build or repair within the time limited by the fence-viewers. If no time is lawfully limited, the plaintiff had no right to build or repair the fence at the expense of the defendant; the fence-viewers had no legal right to appraise the fence, and the plaintiff acquired no right of action for either the single or double value of the fence, since any right of recovery in such case depends wholly on the statute.

The want of notice might have been remedied by a new application to the fence-viewers to adjudge the fence insufficient, and limit a time for building and repairing it, followed by proper notice of their decision to the defendant; but this was not done.

The defendant proposed to prove that the time allowed him to build the fence was not reasonable, but we think if the proceedings had been otherwise legal, the evidence was incompetent. The decision of the fence-viewers upon any matter within their jurisdiction is final and conclusive. Rev. Stat., ch. 136, sec. 16; *Baker* v. *Lakeman,* 12 Met. 195; *Hewitt* v. *Watkins,* 11 Barb. 409.

*Case discharged.*