## MARY·STEWART *vs.* ANDREW SMITH.

The provision of the revised statutes requiring notice of proceedings for the admeasurement of dower to be given to the owners of the land claiming a freehold estate therein, is not complied with by merely giving notice to the tenant or person in possession.

With the consent of a doweress, rooms in a building can be assigned for dower, but it *seems* not without her consent.

THE plaintiff applied to this court for an admeasurement of her dower in certain lots of land in the city of New York. Such lots had been aliened by the husband during his life. Since the alienation by the husband, part of the lots had been built on, by the purchaser. The commissioners, in setting off the dower, did so by awarding to the widow a strip of land on the north side of the lots, without regard to the buildings, so that the division line would pass through the buildings in a manner which would render both parts of little value to the owner. On a motion at special term to confirm the assignment of dower, the court denied the motion, and ordered the assignment to be vacated and set aside. From that order the plaintiff appealed to the general term.

*George W. Stevens,* for the appellant.

*John C. Dimmick,* for the respondent.

By the Court, INGRAHAM, J. The first objection to the assignment of dower by the commissioners is, that the commissioners should not admeasure dower in any lands except those in possession of the defendant when the action was commenced. This would be in accordance with the findings of the referee, who reported that at the time of the commencement of this action the defendant was in possession of the premises, but I do not think it would be sufficient. The evidence before the referee showed that the defendant was not the owner, but was merely in possession of the premises. This is not enough. The statute (3 *R. S.* 791, § 2) requires

Stewart *v.* Smith.

notice to be given to the owners of the land, claiming a free-hold estate therein. This is not complied with by merely giving notice to the tenant or person in possession. *Ward* v. *Kilts,* (12 *Wend.* 137,) shows that notice to the owner is necessary, and that notice to the tenant is unnecessary.

I do not see how this difficulty can be obviated, in the present proceeding. The service of notice on Smith was evidently insufficient. No good could result from sending the case back to the commissioners, as their admeasurement would not affect the owner of the fee if he had no notice of the proceeding. The adverse party must have such notice. (*Rathbun* v. *Miller,* 6 *John.* 281. 15 *id.* 533.)

The statute provides for a service, in certain cases, upon the tenant, but even then, the notice must be to, and the proceedings against, the owner of the freehold.

We think, also, the commissioners erred in assigning the dower in such a manner as to render the findings almost useless to both parties. With the consent of the widow, rooms in the buildings can be assigned, but it seems not against her consent. Whether she did or did not assent in this case does not appear. (*See White* v. *Story,* 2 *Hill's R.* 543 ; 4 *Bradf. Rep.* 15.) And it has been said such a dower may, in cases not admitting of any other mode, be admeasured by assigning a portion of the profits, or an alternate occupation. (1 *Cowen,* 463.) It is not necessary, however, to discuss this branch of the case, as the proceeding cannot be sustained, for the reason first stated.

The order appealed from should be affirmed, and the proceeding dismissed, unless the petitioner elects to amend the proceedings in ten days.

[NEW YORK GENERAL TERM, February 2, 1863. *Sutherland, Ingraham* and *Clerke,* Justices.]