SAMUEL McCLAY *vs.* LETETIA CLARK.

January 17, 1890.

**Partition Fences—Statutory Proceeding—Notice.**—Proceedings by township supervisors for an assignment of the respective shares of a partition fence required to be maintained by the occupants of adjoining lands must be taken against and in the name of the party sought to be charged. with the duty. Proceedings against an "occupant," upon notices directed to and served on him, will not authorize a recovery against an "owner" not named or joined, for the amount of an appraisal under the statute.

**Same—Duties of Viewers—Requisites to Jurisdiction.** The duties of the supervisors, when acting as fence-viewers, are judicial in their nature, and notice "to the parties" is necessary to give them jurisdiction of the proceedings to make an assignment or appraisal in the case of partition fences.

**Same—Case held to be within Statute.**—The facts disclosed by the record *held* sufficient to make a case warranting proceedings by the fence-viewers against the proper parties, requiring them to maintain their respective shares of a partition fence.

Appeal by defendant from a judgment of $50.19, recovered by plaintiff in the municipal court of Minneapolis.

*Albee Smith* and *C. E Leslie*, for appellant.

*Peebles & Doty*, for respondent.

VANDERBURGH, J. The parties are the owners of adjoining tracts of land, separated by a division fence. Formerly, while occupied by them, respectively, the tracts were wholly inclosed, both parties having the use and benefit of such division fence, which thus served as a partition fence between their lands, until about the year 1887, when it became insufficient by reason of decay, and required to be renewed or rebuilt. For three years or more, however, the fences of defendant, which served to inclose her land, have been removed, though the land is found by the court to be still occupied by John Clark, Sr., the husband of the defendant, who has continued to reside with her thereon. After the fence had become insufficient, the plaintiff, upon the refusal of John Clark to rebuild or repair the same, in the month of May, 1887, applied to the supervisors of the township to have the proper shares of the division fence assigned to the respective occupants, in pursuance of Gen. St. 1878, c. 18. Notice in due form was accordingly issued to John Clark, and served on him, of a meeting of the supervisors for such purpose. The supervisors met at the time and place appointed, and, upon due examination, proceeded to assign to John Clark his share of the fence to rebuild and maintain, and written notice thereof was duly served on him. He having disregarded the order, and refused to build any part of the fence, plaintiff then proceeded to rebuild the whole at his own cost, and thereafter the supervisors again met and examined the fence, and appraised the value of that part of the fence which was assigned to Clark to build and maintain. The plaintiff thereupon made demand of defendant, as owner, of a sum equal to double the amount of the appraisal, with costs, and upon her refusal to pay he brings this action.

The findings of the court show clearly enough that this action is based upon the proceedings for the assignment and appraisal of the partition fence, against John Clark as occupant of the defendant's premises, and that the defendant was not named or known in the proceedings. John Clark, and not the defendant, is "the party" pro-

ceeded against. The notice is to be served on "the party" neglecting to rebuild, and whether the "controversy," strictly speaking, arises between owners or occupants, the proceeding against one is no authority for charging another with an obligation to fence or to pay the opposite party therefor. It is true that in section 5 it is provided that "the complainant shall have a right to demand, either of the owner or occupant of the land where the fence was deficient, double the sum so ascertained;" but this could only be upon due proceedings and notice to "the party" sought to be charged with the duty. Whether the owner or occupant is named as a party is not material, where the latter has a right to build. It is only important in determining who are proper to be designated as parties. *Bronk* v. *Becker,* 17 Wend. 322. For this reason this action cannot be maintained.

The defendant makes the further point that no notice of the final appraisement was given. There is no finding on this point, but it is of sufficient importance to notice. The duties of the supervisors, when acting as fence-viewers, are judicial in their nature, and notice is necessary to give them jurisdiction to make an apportionment of a partition fence, and also to make an appraisal of the value of the same or the repairs thereof, and without such notice the proceedings are void, unless the parties voluntarily appear. *Hale* v. *Andrews,* 75 Ill. 252; *Lamb* v. *Hicks,* 11 Met. 496; *Myers* v. *Dodd,* 68 Am. Dec. 630, note. Assuming the facts to be as presented by the record, a case appears to have been made for proceedings under the statute against the proper parties for an assignment and an appraisal, as asked for by the plaintiff, under the rule laid down in *Boening* v. *Hornberg,* 24 Minn. 307. When the lands were inclosed the parties mutually enjoyed the use and benefit of the fence which was necessary for the use and benefit and enjoyment of the land of each. The right and duty to maintain it then attached. The right to continue such use and benefit of the fence, and the duty to maintain the same, for aught that appears, still continues.

Judgment reversed.