### SCOFIELD *v.* HAIRE.

1. PARTITION FENCE—INCLOSURE.

On a bill to set aside the findings of fence viewers requiring complainant to contribute towards a partition fence on the north and east lines of her property, it appeared that a fence of some kind had been maintained on those lines for some time prior to the action of the fence viewers, but that the fences along the highways on her west and south lines had been taken down eight years before. *Held,* that complainant's land was an "inclosure," within the meaning of 1 Comp. Laws 1897, chap. 83, relating to the maintenance of partition fences between adjoining inclosures.

2. SAME—APPORTIONMENT OF COST—NOTICE OF HEARING.

One who is given no notice of a meeting of fence viewers to

determine the amount he should pay towards the cost of a partition fence is not entitled for that reason to have the entire proceedings, if otherwise regular, set aside, but is sufficiently protected if a new meeting is appointed to determine the amount to be paid by him, and he is given an opportunity to be present at that meeting.

Appeal from Lenawee; Chester, J. Submitted October 25, 1899. Decided December 12, 1899.

Bill by Laura L. Scofield against Albert Haire, H. Blinn Tallman, and Freeman H. Gove to set aside certain proceedings of defendants' as fence viewers of the township of Tecumseh. From the decree rendered, complainant appeals. Affirmed.

*W. J. Ingersoll*, for complainant.

*Wightman & Gillespie*, for defendants.

LONG, J. This bill was filed to set aside and cancel the proceedings of the defendants, as fence viewers of Tecumseh township, in Lenawee county, for the following reasons:

1. That the defendants, as fence viewers, had no jurisdiction to apportion the partition fence, and require the building thereof by complainant, as, at the time the action was taken by them, the lands of neither the complainant nor of Mr. Henry (who made the petition to the fence viewers) were inclosed with exterior fences, and consequently the proceeding did not come within the provisions of 1 Comp. Laws 1897, chap. 83.

2. That said partition fence, when built, would not complete the inclosing of complainant's or Mr. Henry's land.

3. That the finding of the defendants, as fence viewers, does not show that they found the said lands to be inclosed lands.

4. That complainant had no notice of the meeting of the defendants as fence viewers, and did not attend the same, and hence was deprived of her day in court.

An answer was filed, and the case heard in open court, and the court filed a written opinion, as follows:

"I think the evidence and pleadings in this case fairly show that the complainant, Laura L. Scofield, has a life interest in the twenty and one-half acres in the southwest part of the west half of the southwest quarter of section twenty-nine, at least in the southwest part of the quarter section where the farm of Samuel L. Henry lies; that these pieces of land were used as farms, and had been for years; that there was a fence starting at the point 'E' on the map that has been introduced in evidence, and marked 'Exhibit 1,' running thence east, and thence south, to 'D,' in the east and west highway, or the highway that runs in an easterly and westerly direction; that the line fence remained there until in December prior to the calling of the fence viewers; that that fence, in whatever condition it was, remained there until December; that about eight years ago the road fence around this twenty and one-half acres was taken down; that the farm of Mr. Henry is inclosed with line fences on the east to the north road fence, on the south, and the road fence on the west, excepting about twenty rods, just north of the land owned by this complainant. I think that any fair construction of the proof in this case shows that these were farms, occupied as such, and were so inclosed, and continued so, within the law, until this application was made to the fence viewers. I think this twenty and a. half acres was such an inclosure as comes within the statute that permits the calling of the fence viewers to divide a line fence. * * * I think the fence viewers in this case had jurisdiction to act and to partition this line fence.

"That brings us to the other question, where the courts have held that you cannot take a person's property from him unless you give him an opportunity to have his day in court. As I understand the statute, Mrs. Scofield should have been notified of the meeting of the fence viewers to determine what expense she is liable for, and has a right to be heard upon what amount shall be determined against her, and she should be notified, so that she can appear there at that time,—at the time the fence viewers meet. It is conceded here, or, at least, the evidence so shows, that there was no notice served upon her, and she had no knowledge of the meeting, and she has never had an opportunity to be heard in court, or before any court that has authority to determine the amount, if any, she should pay. That being true, I think the finding of the fence viewers of the amount she should pay.

($46.12) is void. I do not think the proceedings up to that time were void.

"With these views, gentlemen, the court holds that the fence viewers had authority to act, but they had no authority to make that apportionment until they had notified the complainant, and until she had an opportunity to appear before them and be heard. An injunction may issue restraining them from certifying this amount to the supervisor. But they should be permitted to notify her, and set another day for hearing, and allow her to appear before them, if she desires to be heard upon the amount that shall be determined to assess against her premises."

The jurisdiction of a court of equity to hear and determine this case is not questioned by counsel, and therefore we shall dispose of the case upon its merits.

We think the court was right in finding that the lands were "inclosed," within the meaning of the statute.

It appears that the complainant was notified of the first meeting of the fence viewers. She appeared, and protested against the proceedings, on the ground that the premises were not inclosed with exterior fences. This was on February 12, 1898. On the 21st day of June following, the fence viewers met again, and made the following finding:

"We, the undersigned, two of the fence viewers of the township of Tecumseh, in the county of Lenawee, having heretofore, on complaint of Samuel L. Henry, examined that portion of the partition fence between the land occupied by said Samuel L. Henry and Laura Scofield, respectively, in said township, and having determined the same to be out of repair and to require building, and having certified the same to the said Laura Scofield on the 12th day of February, 1898, and directing her to rebuild the same within ninety days from that date, and she, the said Laura Scofield, having neglected so to do, and the said Samuel L. Henry having, since the expiration of said last-mentioned time, rebuilt the same, we do, upon inspection thereof, adjudge the said fence so rebuilt as aforesaid to be sufficient, and we do hereby certify that we have ascertained the value of such rebuilding by said Samuel L. Henry to be the sum of forty-six and 12-100 dollars, and

that our fees for services in the premises amount to two dollars.

"Given under our hands this 21st day of June, A. D. 1898.

> "ALBERT HAIRE,
> "FREEMAN H. GOVE,
> "H. B. TALLMAN,
> "Fence Viewers."

The court below finds that no notice was given to complainant of this meeting of the fence viewers, and hence found that that finding was void. The record sustains this finding, and there was no error in the conclusion reached. The complainant was entitled to be heard on the question of the amount which Henry was entitled to receive.

The decree below must be affirmed.

The other Justices concurred.