M. K. PICKERELL, Appellee, v. J. E. DAVIS, Appellant.

Partition fences: ASSESSMENT OF COST: JURISDICTION OF FENCE
1 VIEWERS. Fence viewers act judicially with respect to their several duties, and when acting within their jurisdiction their finding is final unless appealed from. Notice, however, to the adverse party is essential to their jurisdiction, whether the proposed act is to apportion a partition fence, or to appraise the value or cost of such fence, and without such notice, whether prescribed by statute or not, their proceedings are void for want of jurisdiction.

Same: NOTICE: JURISDICTION. The statutory powers of fence viewers
2 embrace distinct actions which may be taken at different times and for different purposes, but notice of the proposed action is always essential that the party whose rights are affected may be

heard. Where several matters can all be accomplished at one meeting they may all be included in one notice, but the notice must embrace all subjects upon which it is proposed to act. In the present case the value of the fence was assessed without notice to defendant, and subsequently he was notified of the assessment and directed to pay the cost within the statutory time. *Held,* that the assessment was void, and that the subsequent notice given did not relate back to the time of assessment, so as to sustain the jurisdiction of the viewers to make the appraisement.

*Appeal from Mahaska District Court.*—HON. K. E. WILL-COCKSON, Judge.

TUESDAY, MARCH 24, 1914.

ACTION brought under section 2358 of the Code of 1897 to recover the value of a fence, erected by the plaintiff, on a partition line between plaintiff's and defendant's land, on the ground that the portion so erected by the plaintiff was ordered, by the fence viewers, to be erected by the defendant, and that the defendant failed to comply with the order. The action is to recover double the cost of erecting the fence, as fixed by the fence viewers, together with the expenses of the fence viewers. It appears that no notice was given to the defendant that the fence viewers would take action in this matter, or of the time and place at which they would meet for that purpose. Verdict and judgment was entered in favor of the defendant, on defendant's motion. The court having set the judgment aside on plaintiff's motion for a new trial. defendant appealed.—*Reversed.*

*L. T. Shangle* and *D. C. Waggoner,* for appellant.

*J. F. & W. R. Lacey,* for appellee.

GAYNOR, J.—The plaintiff and defendant are adjoining landowners. On the application of the defendant, the trustees of their township apportioned the line fence between them and directed each party to build half of the line assigning to each his respective half. From the order of the trustees the

defendant appealed to the district court. The order of the trustees required that each party build the portion assigned him within thirty days from the date of the order. Upon appeal this order was affirmed, and it was further ordered and adjudged that, if either party fails to contruct the portion of the fence allotted to him, by the time mentioned, then the other party may construct the same and recover therefor as required by law. This decree was entered on the 13th day of October, 1909. There is no controversy in this case as to the duty of each party to comply with the order so made, and within the time prescribed. Thereafter the plaintiff constructed his half of the fence in accordance with the order of the trustees and the court. The defendant, however, failed to comply with the order and build his fence within thirty days. Thereafter the plaintiff built that portion of the fence assigned to the defendant. Up to this point there is no controversy as to the validity and legality of the proceedings. After plaintiff had completed building that portion of the fence assigned to the defendant, he called out the trustees, as fence viewers, to appraise the cost and value of the same, and they did so do, and made their report and record as provided by law. This was on the 11th day of August, 1911, and on the same day that plaintiff completed the building of the fence. There was no notice given to the defendant of the meeting of the fence viewers, to appraise the value of the fence built by the plaintiff, before that action was taken, and it appears from the record that the plaintiff, on the 11th day of August, 1911, on the day he completed building the fence, called out the fence viewers without giving defendant any notice of the meeting, and, in the absence of the defendant, they proceeded to appraise the value of the fence and assess the costs and expenses of the appraisement to the defendant. This action is brought to recover double the amount of that appraisement. The cause was tried to the court and a jury. At the conclusion of the testimony both parties moved for a verdict. Both parties stated, in open court, that the only

question is a legal one, and ought to be decided by the court, and not the jury, and decided upon their respective motions. Upon the submission of the motions, the court sustained the defendant's motion for a directed verdict, on the ground that the court is without jurisdiction in this suit, for the reason that no notice was served upon the defendant, Davis, notifying him of the time of the meeting of the fence viewers to fix the value of the fence; that the fence viewers were without jurisdiction to bind the defendant to pay double damages, or to pay the value of the fence, without notice to the defendant of a meeting of the fence viewers for that purpose.

The motion made by the plaintiff was overruled. Thereupon the court instructed the jury to return a verdict for the defendant, which was accordingly done. Thereupon the jury was discharged and judgment entered in favor of the defendant, not upon the merits of the controversy, but on the question of jurisdiction; the court holding that the trustees had no jurisdiction to determine the matter in controversy, and their finding was void, and that no right of action could be based on such finding. Thereafter the plaintiff filed a motion for a new trial, and, this being granted, defendant appeals.

It appears that this action was predicated solely upon the action of the trustees in fixing the value of the fence, and for double the amount thus fixed by the trustees, together with the costs and expenses of that proceeding.

No evidence was offered or tendered as to the cost and expense incurred by the plaintiff in constructing the fence, except such as is found in the appraisement by the trustees.

The only question here is whether or not the defendant was entitled to notice of the time and place of the meeting of the trustees in the matter of the appraisement of the cost and expense of constructing the fence by the plaintiff; whether or not the trustees had any jurisdiction to make any finding or order, binding upon the defendant, without notice to him of the meeting and of the time and place.

1. PARTITION
FENCES: assessment of cost: jurisdiction of fence viewers.

Sections 2356 and 2358 (of.the Code of 1897) provide:

The fence viewers shall have power to determine any controversy arising under this chapter, upon giving five days' notice, in writing to the opposite party, . . . prescribing the time and place of meeting to hear and determine the matter named in said notice. Upon request of any landowner, the fence viewers shall give such notice to all adjoining landowners liable for the erection, . . . of a partition fence, or to pay for an existing hedge or fence. At said time and place the fence viewers shall meet and determine by written order the obligations, rights and duties of the respective parties in such matter, and assign to each owner the part which he shall erect, . . . and fix the value thereof, and prescribe the time within which the same shall be completed or paid for.

If the erecting . . . of such fence be not completed within thirty days from and after the time fixed therefor in such order, the adjoining owner may do or complete the same, and the value thereof may be fixed by the fence viewers, and unless the sum so fixed, together with all fees of the fence viewers caused by such default, as taxed by them, is paid to the landowner so erecting, . . . such fence, within ten days after the same is so ascertained, . . . the person entitled thereto may recover double said sum, together with the fees so taxed, in an action by ordinary proceeding.

Section 2359 provides:

The notices by the fence viewers provided for in this chapter may be served upon any owner nonresident of the county where his land is situated, by publication thereof for two consecutive weeks in a newspaper printed in the county in which the land is situated, proof of which shall be made as in case of an original notice, and filed with the fence viewers, and a copy delivered to the occupant of said land, or to any agent of the owner in charge of the same.

The fence viewers act judicially, in respect to their duties and when acting within their jurisdiction, their finding is final and conclusive upon the parties, unless appealed from. Notice to the adverse party is essential to give them jurisdic-

tion, to make an apportionment of a partition fence, or to appraise the value of such fence, or the cost of construction; and, without such notice, whether the statute prescribes notice or not, their proceedings are void for want of jurisdiction. See *Hale v. Andrews,* 75 Ill. 252; *Thompson v. Bulson,* 78 Ill. 277; *Harris v. Sturdivant,* 29 Me. 366; *Scott v. Dickinson,* 14 Pick. (Mass.) 276; *Lamb v. Hicks,* 11 Metc. (Mass.) 496; *Fairbanks v. Childs,* 44 N. H. 458; *Shriver v. Stephens,* 20 Pa. 140; *Franklin v. Wells,* 6 R. I. 422.

In *Harris v. Sturdivant, supra,* the plaintiff brought an action to recover double the value of a fence which he claimed to have built in pursuance of an assignment by the fence viewers and in consequence of the neglect of the defendant to comply with their assignment and adjudications. The question presented in that case was whether the defendant was entitled to previous notice of the meeting to adjudicate the sufficiency of the fence, and to adjudicate or estimate its value. The court in that case said:

Such notice was not alleged, or proved, and is not required by the express terms of the statute. Notice, however, has been held requisite to parties, and those interested in suits and proceedings under penal or remedial statutes, by reasonable and necessary implication, where no express provision was made therefor, upon the general rule and principle of justice that, where the rights of persons are to be adjudicated, some notice shall be given to enable the parties to appear and assert and protect their rights. We cannot infer in this case that the adjudications were to be *ex parte,* because the statute is silent upon the subject, without invading this salutary rule and principle.

In *Scott v. Dickinson, supra,* in passing on this same question, the Supreme Court of Massachusetts, said:

The statute directs that where a proprietor, on notice, refuses to make his share of a partition fence, the party aggrieved may apply to two fence viewers, to divide the fence and fix the time within which it shall be made, and if the

delinquent proprietor fails to make his share of the fence within the time ordered, the party aggrieved may make . . . it at his own expense. The statute then proceeds to enact that when the same shall be completed and adjudged sufficient by two or more of the fence viewers, and the value thereof, . . . ascertained in writing, the complainant shall have a right to receive double the amount, and, if not paid in one calendar month after demand, he shall have an action therefor with interest at 1 per cent. per month on this double amount. It is found in the present case that such an adjudication was made, but it is found that no notice of the time and place of assessing this amount, or valuation, was given to the defendant. The statute does not in terms require such a notice, but we think it does by reasonable and necessary implication. As a general rule and principle of justice, whenever persons are appointed to arbitrate and adjudicate upon the rights of others, some notice is to be given, to enable each party to state his claims and views, and adduce pertinent and proper proofs, and there seems to be a peculiar propriety in adhering to this rule, where the full amount of an actual indemnity is to be doubled by way of penalty. Where it is intended by the Legislature that referees, arbitrators, commissioners, or other like bodies, appointed to pass judgment upon the rights of others, shall have power to proceed *ex parte,* such an intent should be manifested in express terms, or by necessary implication. It was suggested in argument that this was analogous to the assessment of damages, after a default, which may be done without notice to the defendant. But the analogy does not hold; . . . as no such notice was given, and no opportunity afforded to the defendant to attend this assessment of the costs and expense of the fence, we think that he was not bound by it and that this action cannot be maintained.

In *Scofield v. Haire,* 122 Mich. 268 (80 N. W. 1092), a case involving the same question we have here under consideration, the Supreme Court of Michigan said:

It appears that the complainant was notified of the first meeting of the fence viewers. She appeared and protested against the proceedings. . . . This was on February 12, 1908. On the 21st day of June following, the fence viewers

met again, and made the following finding: 'We, the under-signed, . . . having heretofore, on complaint of Samuel L. Henry, examined that portion of the partition fence between the land occupied by him and Laura Scofield, respectively, in said township, and having determined the same to be out of repair and to require building, and having certified the same to the said Laura Scofield on the 12th day of February, 1908, and directing her to rebuild the same within ninety days from that date, and she . . . having neglected so to do, and the said Samuel L. Henry having, since the expiration of the last-mentioned time, rebuilt the same, we do, upon inspection thereof, adjudge the said fence so built . . . to be sufficient, and we do certify that we have ascertained the value of such rebuilding . . . to be the sum of 46¹²⁄₁₀₀ dollars.' This order was properly signed. The court below finds that no notice was given the complainant of this meeting of the fence viewers, and hence found that the finding was void. The record sustained this finding, and there was no error in the conclusion reached. The complainant was entitled to be heard on the question of the amount which Henry was entitled to receive.

In *McClay v. Clark*, 42 Minn. 363 (44 N. W. 255), the Supreme Court of Minnesota, in disposing of a question similar to the one we have here, said:

The defendant makes the further point that no notice of the final appraisement was given. There is no finding on this point, but it is of sufficient importance to notice. The duties of the supervisors, when acting as fence viewers, are judicial in their nature, and notice is necessary to give them jurisdiction to make an apportionment of a partition fence, and also to make an appraisal of the value of the same, . . . and without such notice the proceedings are void.

In the instant case, the power of the fence viewers was defined and limited by statute. The notice which they were required to give is defined by statute. The statute provides: "The fence viewers shall have power to determine any controversy arising under this chapter, upon giving five days' notice to the opposite party, prescribing the time and place

of meeting to hear and determine the *matter named in the notice.*"

There is no affirmative showing in the record as to what the contents of the first notice was. We have negative assurance, from the record, that the notice of the first hearing was sufficient to give the fence viewers jurisdiction to apportion the line fence between these parties, and to assign to each his part to build, and to fix the time in which it should be constructed. We take it from this record that this was the only purpose for which they were then called out. It is the only thing they did, or attempted to do. The defendant was required to build the fence within thirty days. If he did not build it within thirty days, the plaintiff had a right to construct it. No time was fixed, nor does the statute fix any time, in which the plaintiff could have availed himself of this right, upon default of defendant. It would be therefore impossible for the fence viewers, at the first meeting, to determine the time and place at which they would meet to assess the cost of construction, if constructed by the plaintiff, and to give notice thereof to the defendant before the fence was actually constructed. This negatives the idea that the first notice contained any matter advising the defendant that the trustees would meet, at any time and place, to assess the costs of the construction—the time of which was uncertain and indefinite and not determined. Therefore we must assume that the notice of the first meeting of the trustees was no notice of the meeting at which they attempted to assess the costs of constructing the fence.

The powers given to the trustees embrace essentially distinct actions which may be taken at different times, and for different purposes, looking to different objects. Where these matters can all be accomplished at one time and place of meeting, they may all be included in one notice, but the notice, to give jurisdiction, must embrace all the subjects included in the application and which can be disposed of under the application. The jurisdiction of the fence viewers is the most

limited kind, and its mode of procedure is defined by the statute. All the requirements of the statute are essential to jurisdiction, and so it follows that want of notice of the *intended action*, as in almost every judicial proceeding, is in this limited tribunal a fatal want of jurisdiction. The party is only bound, by the action of a court of this kind, in respect to *matters of which he had notice.*

In the *Rhode Island* case, *supra*, the Supreme Court of that state, having before it a similar question to the one here under consideration, said:

> The statute provides: 'When any proprietor or possessor of land shall neglect or refuse to repair or rebuild any partition fence, . . . the aggrieved party may complain to any fence viewer of such town; . . . who, after due notice to such party, shall attend and view the same; and if he shall find said complaint to be true, he shall, in writing, require the delinquent party to repair or rebuild the same within such time as he shall therein appoint, not exceeding fifteen days.' To authorize any proceeding by the fence viewer, either to compel the party to build or repair, or to mulct him in damages for neglect, there must be a complaint that he has neglected or refused to rebuild or repair the partition fence; and upon that complaint, not upon some other, notice must be given to the party complained against that such complaint has been made, and of the time appointed by the fence viewer to view the fence; and, having given such notice, the fence viewer must adjudge the complaint so made to be true, and, if he find it to be true, he is to assign a time within which the party may still perform his duty by building. . . . If this order be not complied with, and the party still neglects, the complainant may rebuild or repair, and shall do it to the satisfaction of the fence viewer, who is to adjudge whether it is properly built. If satisfied upon this point, he is required to ascertain the cost of building, together with his own fees, and to give a certificate thereof to the complainant. No notice is in terms, required to be given to the delinquent party to be present, or to be heard upon the assessment of these damages against him; but, upon a similar statute in Massachusetts, . . . it has been held that the precepts of natural justice require

such notice, and that such notice is necessarily implied.
. . . Having adjudged, then, upon notice to the delinquent party, what the cost of rebuilding has been, and having given to the complainant the certificate of the amount so adjudged, the complainant is authorized, but not until these several judgments upon notice have been made, to demand of the defendant the amount adjudged, and upon refusal by him to pay, to maintain a suit therefor. Now it does not appear from the certificate of the fence viewer that any complaint was made by the plaintiffs that the defendant had neglected or refused to repair the division fence; nor does it appear therefrom that any notice was given to the defendant that any such complaint was made against him, or that the fence viewer intended to view the fence, at any time, in order to determine if he had refused or neglected to rebuild or repair, nor has the fence viewer certified that he found any complaint against the defendant to be true, much less a complaint that he had neglected or refused to build the partition fence. Neither does it appear that before proceeding to ascertain the cost of the fence built by the plaintiffs, he gave any notice to the defendant that he might be heard in assessment of damages. If any one of these requisites be wanting, the plaintiffs cannot maintain their action, even though a regular demand were made upon the defendant, and on a day to which there could be no objection.

It is true, in the case at bar, that after the fence viewers had assessed the cost of constructing the fence, the plaintiff served notice on the defendant of that fact, and that he was 2. SAME: notice: required to pay the amount so assessed with jurisdiction. the costs of the assessment. The defendant being a nonresident, the notice was served by publication, and in the following words, which was duly signed by the trustees:

To J. E. Davis: You are hereby notified that M. K. Pickerell under order, has built the north half of the fence between your farm and his, as ordered to be built by you, and the value has been fixed by the township trustees and the cost, and that the sum due said Pickerell for said fence and cost has been found, by the township trustees or fence viewers, to be $62.88, and the cost of the notice provided by

law and clerk's fees amounting to $7.00, total $69.88 and you are required to pay the same within ten days from completed service of this notice or double damages will be claimed of you as provided by section 2358 of Code of Iowa. Take notice and govern yourself accordingly. The said Pickerell erected said fence as provided by the laws of Iowa, and you are required to make payments above set forth or you will be liable for the amount thereof in the sum of $138.76.

This notice was served after the trustees had taken action at the instance of the plaintiff, and had made their finding and order and had fixed the amount which plaintiff was required to pay for the fence, and could not, and did not, relate back to give them jurisdiction to make the order and fix the amount on which, and for which, this suit is brought.

An examination of this record satisfies us that the trial court was right in its first ruling, and in sustaining defendant's motion for a directed verdict, and in directing a verdict for the defendant, and in entering judgment for the defendant on the verdict, and that the court erred in setting aside its order and judgment and in granting a new trial, and for this reason the cause should be reversed, and it is—*Reversed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.