Julia Ryan, Appellant, v. George W. Heller, Mayor, et al., Appellees.

No. 46088.

November 17, 1942.

Walter F. Maley and F. G. Ryan, both of Des Moines, for appellant.

C. W. Harvey, of Des Moines, for appellees.

Oliver, J.—Altoona, Iowa, is a town situated in Clay township, in Polk county. The town does not constitute one or more civil townships. Appellant owns a two-acre tract of land in said town. Two owners of adjacent tracts sought to compel her to erect or contribute to certain partition fences along said property lines. Thereafter, the mayor and town council, appellees, proceeded to act in the premises as fence viewers and certain proceedings were had culminating in an order, by said town officers as fence viewers, assessing to appellant the expense of certain partition fences and costs of the proceedings, which amounts were ultimately certified to the county auditor to be entered upon the tax list against appellant's said real estate.

Chapter 88, Code of 1939, deals with fences and the powers and duties of fence viewers. In Pickerell v. Davis, 164 Iowa 576, 580, 146 N. W. 34, 36, it is said the fence viewers act judicially

in respect to their duties. Obviously, said powers and duties may be exercised by such persons only as are by statute clothed with authority to so act.

Code section 5543 provides that the township trustees shall act as fence viewers.

Under section 5744 of the Code, cities and towns are empowered to restrain and prohibit the use of barbed wire to enclose land, and the running at large of livestock and fowl, and to authorize distraint proceedings. But there are no statutory provisions authorizing the mayor and council of a town, situated as is Altoona, to act as fence viewers. Therefore, appellees were without jurisdiction to act in that capacity.

This holding does not overlook provisions of sections 5553 and 5554, Code of 1939, that in most towns and cities which constitute complete townships with coincidental boundary lines, the offices of township trustee and clerk are abolished and their respective duties assigned to the city council and clerk. As heretofore noted, Altoona is not a town within the foregoing classification.

Prior to the time appellees assumed to act as fence viewers in the premises they were ordered so to do by mandamus from the district court. Said order issued in a suit brought for that single purpose against appellees by the owners of the two tracts adjoining appellant's tract. Appellees made no defense in said suit. Nor did they appeal from the decree and order. Appellant, who might be termed the only real party in interest whose rights could be adversely affected, was not a party to and did not participate in said suit. We are not prepared to hold the decree and order in mandamus constituted an adjudication which barred appellant from assailing the power of appellees to sit in judgment as fence viewers in the controversy. See 35 Am. Jur. 124.

The judgment of the trial court in this case annulled certain of the proceedings had by appellees for lack of notice thereof to appellant, and remanded the matter to appellees for further proceedings. For the reasons above noted, said judgment should have sustained the writ of certiorari generally and adjudicated all of said proceedings invalid.—Reversed.

All JUSTICES concur.