**Hugh RICE, et al., Respondents,**

v.

**Joline KRINGLER, et al., Appellants.**

**No. C2–93–2512.**

Court of Appeals of Minnesota.

June 21, 1994.

Craig E. Johnson, Mervin Nordeng, Fargo, for appellant.

Charles A. Krekelberg, Pelican Rapids, for respondent.

Considered and decided by HUSPENI, P.J., and KALITOWSKI and AMUNDSON, JJ.

## OPINION

KALITOWSKI, Judge.

Appellants Joline Kringler and Carol Musselman seek review of the trial court's order awarding respondents double the cost of replacing one-half of a partition fence. Appellants contend: (1) Minn.Stat. § 344.03 (1990) applies only when adjoining land of both of the owners is used and improved; and (2) the trial court erred in finding that appellants were provided with sufficient notice as required by Minn.Stat. § 344.04 (1990).

## FACTS

Appellants own property directly north of property formerly owned by Hugh Rice and respondent Lois Rice. For the past ten years the Rices rented one lot, which adjoins appellants' property, to respondent Roger O'Brien. O'Brien has used the 140 acre field as pasturage for cattle.

In approximately 1990, O'Brien informed Kringler that the fence separating the adjoining properties needed to be replaced. After Kringler refused to replace half of the fence, O'Brien wrote to the Dora Township Board (the board) and asked them to inform Kringler that she had an obligation to maintain half of the fence. A board member inspected the fence and found that it needed to be replaced.

O'Brien, on behalf of himself and the Rices, appeared before the board on June 12, 1990, and requested that the board require Kringler to replace the fence. The board subsequently informed Kringler by letter that she was required to build and maintain her half of the fence and requested that she comply within 14 days. Kringler telephoned the board's chairperson, agreed that the fence was in poor condition and needed to be replaced, and agreed to rebuild the fence.

On August 15, 1990, the board again informed Kringler by letter that she was required to build and maintain her half of the fence and requested that she install it within ten days or the board would have it built at her expense. Kringler told the board's chairperson that Musselman did not want to pay for the fence, but stated she would take care of it herself.

In the spring of 1991, O'Brien contacted the board and informed them that the fence had not been fixed. The board instructed O'Brien to obtain two bids on the cost of replacing one-half of the fence. In June 1991, the board selected the low bid and approved the replacement of the fence. The fence was installed in the summer of 1991 and O'Brien paid the entire amount. The board inspected the fence and found it to be satisfactory.

On June 10, 1991, the board informed Kringler that she owed the township $850 for the cost of the fence, but neither appellant paid the amount due. O'Brien and the Rices filed a complaint against appellants to obtain double the cost of construction of the fence pursuant to Minn.Stat. § 344.07 (1990). Following a bench trial, the trial court ordered appellants to pay respondents $1,700.

## ISSUES

1. Does Minn.Stat. § 344.03 apply only when both of the owners' adjoining land is used and improved?

2. Did the trial court err in finding that appellants were provided with sufficient notice of the fence viewing?

## ANALYSIS

### I.

Appellants contend Minn.Stat. § 344.03 applies only when adjoining land of both of the owners is used and improved, and appellants' land was not used and improved within the meaning of the statute. We disagree.

■ Statutory interpretation is a question of law that we review de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). Minn. Stat. § 344.03 (1990) provides:

If all or a part of adjoining Minnesota land is improved and used, and one or both of the owners of the land desires the land to be partly or totally fenced, the land owners or occupants shall build and maintain a partition fence between their lands in equal shares.

Although the language of this statute may be ambiguous, a review of the legislative intent makes its meaning clear. *See* Minn.Stat. § 645.16 (1992) (legislature's intent may be examined when the words of a law are not explicit).

■ Prior to 1985, the statute provided that:

The adjoining owners or occupants of lands in this state when the land of *one or both of the owners* is, in whole or in part, improved and used, and one or both of the owners desires his or their land to be, in whole or in part, fenced, shall build and maintain the partition fence between their lands in equal shares.

Minn.Stat. § 344.03 (1984) (emphasis added). The text of section 344.03 was amended by the legislature as part of a revisor's bill

to remove redundant and obsolete language, to simplify grammar and syntax, and to improve the style of language without causing changes in the meaning of the laws affected.

1985 Minn.Laws ch. 265. The legislature expressly provided that

the changes in the language of the laws amended by articles 1 to 12 of this act are to be exclusively changes in style. No change is intended to alter or shall be construed by a court or other authority to alter the meaning of the law.

1985 Minn.Laws ch. 265, art. 12 § 1. Debates of the proposed bill by both legislative judiciary committees indicate that no exception was made for section 344.03. *Hearing of H.F. No. 1370 Before the House Committee on Judiciary* (Apr. 3, 1985); *Hearing of S.F. No. 1362 Before the Senate Committee on Judiciary* (Apr. 19, 1985). Because the legislature did not intend to change the substance of the statute, section 344.03 applies when the adjoining land of one or both of the owners is used and improved.

The parties do not dispute that respondents' land was used and improved within the meaning of section 344.03. *See Brom v. Kalmes*, 304 Minn. 244, 248–49, 230 N.W.2d 69, 73 (Minn.1975) (finding that land used as pasturage is improved within the meaning of section 344.03). Therefore, the statute applies and we need not address whether appellants' land was used and improved.

## II.

Appellants contend the trial court erred in finding that appellants were provided with sufficient notice of the fence viewing as required by Minn.Stat. § 344.04 (1990). We agree.

The trial court found that appellants were provided with all required notices regarding partition fences and had reasonable opportunity to inspect the fence, both before and after the fence was erected. We will not set aside findings of fact unless clearly erroneous. Minn.R.Civ.P. 52.01.

If a controversy arises with respect to an occupant's obligations to maintain a partition fence, either party may complain to the fence viewers. Minn.Stat. § 344.04 (1990). "The fence viewers shall give notice to the parties and examine the fence." *Id.*

■ Respondents argue that appellants waived their right to be notified of the fence viewing because Kringler agreed that the fence needed to be replaced and stated on several occasions that she would replace it. The evidence demonstrates, however, that: (1) Kringler did not agree that the fence needed to be repaired until after the board member inspected the fence; and (2) Musselman did not inform the board that she agreed to rebuild the fence. Moreover, Minn.Stat. § 344.04 requires strict compliance. *See Miles v. Althoff*, 373 N.W.2d 655, 658 (Minn.App.1985) (reversing trial court's finding that respondents substantially complied with section 344.04 because there was no evidence that appellant had been notified

of the viewing), *pet. for rev. denied* (Minn. Nov. 1, 1985).

 Although we recognize that the town board attempted to resolve the parties' dispute informally, the duties of the fence viewers are judicial in nature and notice is therefore necessary to give them jurisdiction to apportion the fence and to appraise the value of the fence. *McClay v. Clark*, 42 Minn. 363, 365, 44 N.W. 255, 255–56 (1890). Because respondents admit that appellants were not notified of the viewing or the time or place of the viewing, the proceedings are void. *See Miles*, 373 N.W.2d at 658 (holding that proceedings were void because fence viewers had no jurisdiction).

**DECISION**

We conclude that Minn.Stat. § 344.03 applies when adjoining land of one or both of the owners is used and improved. We reverse the trial court's order, however, because the trial court erred in finding that appellants were provided with sufficient notice of the fence viewing.

**Reversed.**