JAMES W. LOUGH, Administrator, *vs.* THOMAS M. PITMAN.

June 29, 1878.

**Administrator—Execution on Judgment recovered by Intestate.**—An administrator cannot maintain an action for the purpose of procuring the issue of an execution upon a judgment recovered in the district court by his intestate. Such execution should be procured by motion in the action in which the judgment was recovered.

Plaintiff brought this action, in 1877, in the district court for Scott county, alleging, in his complaint, that one William

Pitman, in his lifetime, and on December 19, 1870, recovered judgment, in the same court, against the defendant, which is still in force and unsatisfied; that since the docketing of the judgment, William Pitman has died, and the plaintiff is his duly appointed and qualified administrator, under letters issued on July 8, 1871. The prayer of the complaint is that execution on the judgment may issue in the name of the plaintiff. A demurrer to the complaint was overruled by *Macdonald, J.,* and the defendant appealed.

*R. A. Irwin* and *Joseph Chadderdon,* for appellant.

*E. Southworth,* for respondent.

BERRY, J. Gen. St., *c.* 66, § 13, enacts that an action "is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for an appeal has passed, and the judgment has been satisfied." Section 36 of the same chapter, as amended by Laws 1876, *c.* 46, provides that an action does not abate by the death of a party if the cause of action survives or continues, and that, in case of the death of a party, the court, on motion, may allow the action to be continued by or against his representatives. Under these provisions of statute, where a judgment has been recovered in the district court by a party deceased since its recovery, if the judgment has not been satisfied or extinguished in any way, the action in which it was recovered is pending. Notwithstanding the death of the party recovering it, as the action is pending and does not abate, if the administrator of the deceased desires to have execution issued, he may move the court in which the action is pending to allow it to be continued in his name as that of the representative of the deceased. His motion having been granted, he becomes a party to the action, in place of the deceased, and may thereupon have execution.

Having this remedy in the action in which he desires execution, there is no reason why he should resort to a new and independent action for the purpose of procuring such execution; no more reason than any person who had recovered a

judgment would have for resorting to such a mode of procuring an execution. Such an action cannot be sustained, because it is not the proper, regular and simple way of obtaining execution provided by law.

Order reversed.