## ALICE E. ANDERSON, SPECIAL ADMINISTRATRIX, SUBSTITUTED FOR UHL, ALSO KNOWN AS ULE, ANDERSON, DECEASED, v. JACOB B. LYONS.[1]

May 28, 1948.

No. 34,556.

---

[1]Reported in 32 N. W. (2d) 849.

*M. J. McKeon* and *Henry A. Courtney,* for appellant.

*R. Vern Eckman,* for respondent.

PETERSON, JUSTICE.

Appeal from the judgment of dismissal with prejudice entered pursuant to an order made upon defendant's motion for judgment on the pleadings.

The original plaintiff, Uhl Anderson, having died pending the action, his administratrix has been substituted as such. For purposes of convenience, we shall refer to Uhl as plaintiff.

The questions for decision are:

(1) Whether equitable relief may be granted against a decree of a probate court of Idaho, distributing plaintiff's share of the estate to the proponent-executor of decedent's will and to others as residuary legatees, where the decree was obtained by the proponent-executor by means of his concealing from the court in violation of

statutory duty plaintiff's existence and right to take under the will and from plaintiff the pendency of the probate proceedings;

(2) Whether such a decree is *res judicata;*

(3) Whether an order denying upon the ground of unreasonable delay a motion to vacate such a decree is *res judicata* as to whether plaintiff is entitled to relief upon the ground of fraud; and

(4) Whether granting in our courts relief upon the ground of fraud against a decree of a probate court of Idaho against which the same relief may be granted in that state accords to the decree the faith and credit to which it is entitled under U. S. Const. art. IV, § 1.

While the complaint does not so allege, plaintiff bases his right to recover upon breach of trust by defendant as executor, in that defendant, as executor under the will of Claes Willander, by means of concealing from the court plaintiff's existence and right to take under the will and from plaintiff the pendency of the proceedings for the probate of Claes's will, obtained from the probate court of Nez Perce county, Idaho, a decree assigning the share of the estate amounting to $5,000, to which plaintiff was entitled, to himself and to others as the residuary legatees.

The facts alleged upon which the right of recovery is predicated are that Claes Willander died testate in Idaho, where he resided and where his estate was situated; that he bequeathed $1,000 to his brother, Ander J. Anderson, who predeceased him; that he bequeathed the residue of his estate to his nieces and nephews; that plaintiff was Ander's adopted son; that plaintiff and Ander, his adoptive father, were residents of Duluth in this state; that Claes's will was probated in the state of Idaho; that under Idaho Code Ann. 1932, §§ 31-1108 and 14-323, plaintiff was entitled by virtue of adoption by Ander to inherit Ander's legacy and to take under the will as a nephew of Claes; that defendant was the proponent of and the executor under Claes's will; that under Idaho Code Ann. 1932, § 15-203, paragraph 3, it was defendant's duty as the proponent of Claes's will to state in the petition for the probate thereof "The names, ages and residence of the heirs and devisees of the decedent, so far as known to [him as] the petitioner"; that under § 15-1116,

which reads: "On the settlement of said [the representative's final] account, distribution and partition of the estate to *all entitled thereto* may be * * * had * * *" (italics supplied), it was defendant's duty to bring to the court's attention the fact that plaintiff was entitled to Ander's legacy and to a share as a nephew; that defendant knowingly and intentionally failed to name plaintiff in the petition for the probate of Claes's will as Ander's heir and Claes's nephew and to bring to the court's attention that plaintiff was entitled to share in the distribution of Claes's estate; that thereby defendant knowingly and intentionally concealed those facts from the court; that by means of such concealment defendant prevented plaintiff from being named as a beneficiary in the final decree of distribution; that thereby defendant knowingly and intentionally defrauded plaintiff of the share of Claes's estate to which he was entitled; and that if plaintiff had been so named he would have received under the decree $5,000.

The answer denied the fraud, admitted the allegations concerning the probate of Claes's will, the fact that plaintiff was Ander's adopted son, and the failure to make distribution of any share of Claes's estate to him. It set up as affirmative defenses that plaintiff knew of the probate proceedings, but took no steps to assert and to protect his alleged rights; that the final decree of the probate court was *res judicata* as to the fact that plaintiff was not entitled to any share of Claes's estate; that plaintiff applied to the probate court to vacate the decree of distribution, and the court denied the application upon the ground that he was guilty of unreasonable delay; that the order of the probate court denying the application is also *res judicata* as to plaintiff's right to share in the estate; that under Idaho Code Ann. 1932, § 15-1307, which reads: "In the order or decree the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand and sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or

devisees, subject only to be reversed, set aside or modified on appeal," the decree of distribution is conclusive and not subject to collateral attack here; and that, aside from *res judicata,* granting plaintiff relief against the final decree of the probate court would deny to it full faith and credit to which it is entitled under U. S. Const. art. IV, § 1.

The reply denied the facts put in issue by the answer.

In granting judgment on defendant's motion, the trial court considered only the questions whether the decree of distribution of the probate court was *res judicata* and entitled in the courts of this state to full faith and credit. The question whether equitable relief may be granted plaintiff arises out of plaintiff's contention that the granting of equitable relief involves a direct attack on the decree permissible under the law of Idaho, and hence that it involves neither a collateral attack nor a denial of full faith and credit. Defendant's contention that the order denying plaintiff's motion to vacate the decree is also *res judicata* is made as a subsidiary one to bolster the contention that the decree is *res judicata.*

1. Knowingly and intentionally concealing from and failing to disclose to the probate court in probate proceedings the existence of a person interested in the estate so that such person is by decree deprived of his interest in the estate constitutes extrinsic fraud against which such person is entitled to equitable relief. Annotation, 113 A. L. R. 1235. The Annotation collects numerous cases involving the question.

In Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978, we applied the rule, but without stating whether the fraud there was extrinsic or intrinsic. There, a daughter of decedent with knowledge of the fact that plaintiff was decedent's son's widow stated in the petition for the probate of his will, devising his farm to decedent's widow for life with remainder over to his son and daughter, that decedent's son left no issue and that decedent's widow and daughter were (149 Minn. 388, 183 N. W. 979) "all of the heirs and devisees" of decedent, and made no mention of plaintiff, thereby knowingly and intention-

ally concealing from the probate court plaintiff's existence as decedent's son's widow and heir, and the final decree of distribution followed the petition reciting the allegations as to decedent's only heirs being his widow and daughter. There the son's widow, who was defrauded as an heir, was a nonresident of this state, where the probate proceedings were had, the same as plaintiff here was a nonresident of Idaho, where the probate proceedings here were had. We held that the evidence established fraud entitling plaintiff to equitable relief setting aside the probate decree and establishing her right to the share of decedent's estate wrongfully diverted from her by the probate decree; that, while a probate decree is final and conclusive as to all matters. thereby adjudicated (149 Minn. 387, 183 N. W. 979), "it may be assailed and set aside in a direct proceeding for that purpose, on the ground of fraud"; and that an action for equitable relief, such as there, to establish and enforce rights of which a party has been defrauded by the probate proceedings constitutes a *direct* attack upon the final decree.

In Purinton v. Dyson, 8 Cal. (2d) 322, 326, 65 P. (2d) 777, 779, 113 A. L. R. 1230, where the facts were the same as they are here, the court said:

"* * * it is difficult to see how fraud could be practiced more directly upon one entitled to present his rights to a court than by keeping him in ignorance of the proceedings. It is true that in most cases of extrinsic fraud the defendant has said something directly to the person whose rights were involved amounting to representations that it was not necessary for such person to take any part in the proceedings. In other cases, acts have been held to amount to such representations. But the rule allowing the maintenance of an action in equity for extrinsic fraud should not be limited so strictly as to require as a basis evidence of representations made directly to the one defrauded."

Where an adopted son is entitled to take under a will or inherit as an heir, he is entitled to relief under the rule. Hewitt v. Hewitt (9 Cir.) 17 F. (2d) 716.

We have recognized the fundamental principle here involved in other cases, as, for example, in Riley v. Pearson, 120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7, where the applicant for registration of title to real property failed to disclose to the court in the petition for registration of title, as required by statute, the names of persons known to him to have an interest in the property, and such persons were not named in the proceedings or served with summons and had no actual notice of the proceedings, and where we held that the applicant's knowing concealment of the existence of interested parties constituted such fraud or mistake that the decree of registration was not binding on the omitted parties.

Unless otherwise precluded, plaintiff is entitled to equitable relief from the probate decree.

2. The doctrine of *res judicata* has no application in an action for equitable relief against a judgment. Caldwell v. Taylor, 218 Cal. 471, 23 P. (2d) 758, 88 A. L. R. 1194. Distribution under the fraudulent decree was therefore no protection to defendant. O'Neil's Appeal, 55 Conn. 409, 11 A. 857.

3. The order of the probate court denying, upon the ground of unreasonable delay, plaintiff's motion to vacate the probate decree is not *res judicata* as to whether plaintiff is entitled to equitable relief against the decree upon the ground of fraud, for the reason that the order, so far as it is an adjudication, does not determine anything with respect to the merits, but simply that plaintiff did not proceed diligently. Bulau v. Bulau, 208 Minn. 529, 294 N. W. 845. As we held in the Bulau case, such an order is *res judicata* (that is, in the limited sense in which the term is applied to orders, Barrett v. Smith, 183 Minn. 431, 237 N. W. 15) only as to the questions actually litigated and decided, with the consequence that if an application to vacate is denied upon grounds other than the merits the order is not *res judicata* as to the merits. If, however, an order on a motion to vacate passes upon and determines the merits, it is *res judicata* as to the merits. Bernhard v. Idaho B. & T. Co. 21 Idaho 598, 123 P. 481, Ann. Cas. 1913E, 120.

4. A judgment is entitled under U. S. Const. art. IV, § 1, to the same, but no more, faith and credit in a state other than the one wherein it was rendered as it is entitled to in the state of its rendition. Williams v. North Carolina, 317 U. S. 287, 63 S. Ct. 207, 87 L. ed. 279, 143 A. L. R. 1273; Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. ed. 538; Gundlach v. Park, 140 Minn. 78, 165 N. W. 969, 167 N. W. 302. In Hampton v. McConnel, 16 U. S. (Wheat.) 234, 235, 4 L. ed. 378, 379, Chief Justice Marshall said:

"* * * the judgment of a state court should have the same credit, validity, and effect, in every other court in the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States."

Under the law of Idaho, equitable relief upon the ground of fraud may be granted against a probate decree notwithstanding the provision of the statute that such a decree is final and conclusive until reversed or set aside on appeal. Donovan v. Miller, 12 Idaho 600, 88 P. 82, 9 L.R.A.(N.S.) 524, 10 Ann. Cas. 444; Connolly v. Probate Court, 25 Idaho 35, 136 P. 205. In Glover v. Brown, 32 Idaho 426, 184 P. 649, where individual property was through fraud probated as community property with the result that an heir was deprived of the share thereof to which he was entitled, it was held that an action in equity would lie to recover the land, or the proceeds thereof, fraudulently acquired by the probate proceedings. The court said (32 Idaho 437, 184 P. 652):

"The validity of probate proceedings may be attacked for fraud and the jurisdiction of a court of equity to compel restoration of lands or proceeds fraudulently acquired by such proceedings is clear."

In Diamond v. Connolly (9 Cir.) 251 F. 234, a case identical with the instant one, equitable relief was granted against the administrator and the distributees under the final decree of the probate court of Idaho. The court said (251 F. 239):

"* * * Under the statutes [of Idaho] it was obligatory upon Connolly as administrator to apply to the court in his representative capacity, and it is too plain for argument that his duty was to advise the court in absolute good faith of all the knowledge he possessed concerning the persons who under the law were entitled to the estate. Failure to do this, with the intent to profit by concealment when he had the knowledge, must be regarded as fraud sufficient to make the decree recovered by the administrator a fraud as against them."

It is clear, therefore, that the instant action could have been maintained in Idaho under the law of that state and that there the decree of the probate court would not have operated as a bar to the action. Because that is true, the same faith and credit is accorded here to the decree by holding that plaintiff can maintain this action in our courts.

Goodrich v. Ferris, 214 U. S. 71, 29 S. Ct. 580, 53 L. ed. 914, is not in point for reasons stated in Riley v. Pearson, 120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7, *supra,* in a case of fraudulent concealment like this.

We confine our decision to the points raised by the parties and intimate no opinion as to other questions which might be raised upon the trial.

Reversed.

MR. JUSTICE KNUTSON, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.