RAY W. HALLORAN AND ANOTHER v. BLUE AND WHITE
LIBERTY CAB COMPANY, INC.
ST. PAUL-MERCURY INDEMNITY COMPANY, GARNISHEE.

92 N. W. (2d) 794.

October 10, 1958—Nos. 37,464, 37,465.

*Levine & Levine* and *Harry H. Peterson,* for appellants.
*Meagher, Geer, Markham & Anderson,* for respondent-garnishee.

MURPHY JUSTICE.

This case presents an unusual situation growing out of an action in which the right defendant was sued under the wrong name. Judgments were entered in favor of the plaintiffs for approximately $1,000 May 2, 1953. By a series of misadventures this controversy has been before the municipal court of Minneapolis on four occasions and is now here for the second time. As a result of the plaintiffs' unsuccessful attempts to have the true defendant named as the judgment debtor, and the refusal of the defendant's counsel to give up an advantage gained by the mistakes of plaintiffs' counsel, a great deal of the court's time has been unnecessarily consumed at expense to the public of an amount in excess of the damages in dispute.

From the record it appears that on December 11, 1949, the plaintiff Beatrice L. Halloran was injured while sitting in a car owned by her husband, plaintiff Ray. W. Halloran. The car was struck by a taxicab driven by one Ebon Lowe, causing personal injuries to Mrs. Halloran and damage to Mr. Halloran's car. The taxi was marked "Blue and White Liberty Cab." The plaintiffs brought actions for negligence. The

Blue & White Liberty Cab Co., Inc., was named in the complaints as defendant. Answers were interposed, which stated that the defendant "Admits that * * * a collision occurred between an automobile driven by one Ray W. Halloran and a Blue & White cab, but specifically denies that said collision or any injuries which the plaintiff may have sustained thereby were proximately caused by any negligence or carelessness on the part of the defendant." The answers also alleged as a defense that the plaintiff Ray W. Halloran's negligence, or that of some third parties, was the proximate cause of the accident. The two actions were consolidated for trial. Interrogatories were submitted by which the jury found that Ebon Lowe, the driver of the "defendant's cab," was guilty of negligence which was the proximate cause of the collision.

On May 2, 1953, Beatrice L. Halloran was awarded a verdict of $673.80 and Ray W. Halloran was awarded a verdict of $354.40. Judgments were entered in these amounts, naming Blue and White Liberty Cab Co., Inc., as judgment debtor. Apparently at about this time it first came to the attention of the plaintiffs and their attorneys that there was no such corporation as the Blue and White Liberty Cab Co., Inc., and that the cab which struck the plaintiffs' car was in fact owned by one Earl Knoph, who did business as Blue and White Liberty Cab Company. Knoph had been a witness at the trial. Instead of moving for an amendment of the judgment substituting as the judgment debtor the name of Earl Knoph as the true defendant in the action and proving that Knoph was the real defendant,[1] the plaintiffs brought a new action against Knoph and Lowe. In this action the plaintiffs merely submitted a transcript of the trial in the first action and offered no proof that Knoph really owned the taxi which struck the plaintiffs' car, that Knoph was responsible for plaintiffs' injuries, or that Lowe was negligent. Plaintiffs apparently argued that the judgment for plaintiffs in the first action against Blue and White Liberty Cab Co., Inc., was res judicata against Knoph and Lowe. The trial court's findings of fact in that action stated "That no evidence was introduced at the instant trial to establish that said collision was caused by the negligence of the defendant Earl K.

---

[1]See, 6 C. J. S., Appearances, § 12a, p. 19; 3 Am. Jur., Appearances, § 35; Rules of Civil Procedure, Rule 15.02.

Knoph or the defendant Ebon Lowe or to establish the damages sustained by plaintiff." We affirmed, Halloran v. Knoph, 243 Minn. 120, 66 N. W. (2d) 551 (1954). Our opinion pointed out that the theory of res judicata would not, of course, apply in actions between different parties and that plaintiffs had not introduced any evidence establishing the defendants' responsibility for the tort alleged.

Thereafter the plaintiffs commenced another action against Knoph and Lowe, the third action in this chain of events, in which they alleged and offered to prove the negligence of Lowe and Knoph's responsibility for the tort under respondeat superior. The defendants asserted that the judgments in their favor in the second action extinguished any claim against them for the tort, and the trial court granted the defendants' motion for summary judgment.

This brings us down to November 9, 1956, when the plaintiffs secured their present counsel, who made a motion to amend the judgments in the original action so as to establish Lowe and Knoph as the true judgment debtors. The plaintiffs also asked leave to file a supplemental complaint in garnishment against the Saint Paul-Mercury Indemnity Company.

From the affidavits, interrogatories, and depositions taken in support of this motion it appears that Earl Knoph belongs to an association of cab owners who operate in the city of Minneapolis under the name of Blue and White Liberty Cab Co. These individual owners are associated with the Pioneer Holding Company, which also owns a number of "Blue and White" cabs. The individual owners pay "dues" to the Pioneer Holding Company for the privilege of using the name "Blue and White Liberty Cab." They maintain a common office with an office manager. Knoph testified that he identified himself in the conduct of his business as "Blue and White Liberty Cab Co." His license was issued to him by the city of Minneapolis as "Earl Knoph, doing business as the Blue and White Liberty Cab Co." and public liability insurance which he was required to have under the city ordinance was issued to him under the same name and style. It appears that in March 1953 the office manager was served with the summons and complaint in these actions. While he did not have an independent recollection of having been served, he affirmed "it was exclusively his practice whenever

a Summons and Complaint involving Blue and White Liberty Cab Co., Inc., was served on him to deliver the same without delay" to the attorneys for the defendant's insurer. These attorneys interposed the answers referred to and the plaintiffs contend that they participated in the defense of the action knowing there was no such company in existence as Blue and White Liberty Cab Co., Inc., and without informing the court of this fact. From interrogatories answered by the insurance company it appears that they insured Knoph against liability as an operator of a taxicab within the city of Minneapolis; that they caused an investigation to be made in connection with the automobile collision referred to in the complaint; and that they employed attorneys pursuant to their liability insurance agreement.

The trial court by its order denied the plaintiffs' motion to amend the judgments in the original action so as to establish Lowe and Knoph as the true judgment debtors. It is from this order that the plaintiffs appeal. The trial court was of the view that in May 1953, if not before, the plaintiff knew that Knoph was the owner of the cab in question and at that time "elected as her remedy to bring a separate action against Earl K. Knoph, d/b/a the Blue & White Liberty Cab Co., and Ebon Lowe, the driver of the cab. Plaintiff failed to prevail in that action, and also in a later action brought against the same parties." The trial court held that the judgment in the second action was res judicata as to the issues presented on the motion.

In arguing in support of an affirmance the defendants contend here that the doctrine of res judicata applies, since it was litigated and decided in the second action that the defendant Knoph was not liable for the claims arising out of the accident on December 11, 1949. They argue that the judgment in favor of the defendants in the second cause of action extinguishes plaintiffs' claim, and that that claim may not now be revived by inserting the defendants' names in a judgment which was entered against another defendant prior to the judgment in the second cause of action in favor of Knoph.[2]

---

[2]Restatement, Judgments, § 48. "Where a valid and final personal judgment is rendered on the merits in favor of the defendant, the plaintiff cannot thereafter maintain an action on the original cause of action."

Id. § 49, *comment a.* "* * * If the judgment determines that the plaintiff

The present attorney for plaintiffs argues, however, that the judgment in the second cause of action was the result of an ineffectual measure to correct a mistake made in naming a nonexisting defendant, which mistake, he argues, was implemented by the attorneys for the defendant in submitting an answer and conducting a pretended defense in behalf of a nonexisting party. He argues that an approval of the decision below would "be tantamount to a declaration that a party may escape legal liability by legal procedures, which in no way involve the merits, but which involve disregard of the rules of law and contempt of court" and that there is implicit in the contentions of the respondent the admission that "the trial was a farce" and that in the various proceedings "respondents were before the Court representing nobody, while pretending to the Court that they were representing a real defendant in a real case; and that the Court decided not a real case, but a farcical and fictitious one." The plaintiffs further argue that by answering and appearing for a nonexisting party the real defendants and their attorneys have not only defrauded plaintiffs of their remedy but have misled and deceived the court into staging a trial and rendering a judgment against a fictitious defendant. The plaintiffs further contend that the attorneys for the defendant by appearing and presenting a defense for a nonexisting defendant violated Canon 30 of Canons of Professional Ethics, American Bar Association,[3] which provides that an attorney's "appearance in Court should be deemed equivalent to an assertion on his honor that in his opinion his client's case is one proper for judicial determination."

---

has no cause of action, it is on the merits; but if it determines only that the plaintiff is not entitled to recover in the particular action, it is not on the merits."

The trial court's findings of fact in the second action make it clear that the judgment was on the merits.

Id. § 43. "A valid and final judgment rendered in one action is conclusive in another action between the parties although the other action was commenced before the rendition of the judgment or before the commencement of the action in which the judgment was rendered."

[3]See, Canons of Professional Ethics, 241 Minn. xvii; and see, Rule 11 of Municipal Court Rules of Civil Procedure.

 The policy of putting an end to litigation which is implemented by our res judicata rules is a strong one. It is generally held, however, that the principle of res judicata may not be invoked to sustain fraud, and that a judgment obtained by fraud may not be used as a basis for the application of that doctrine. The necessity of preserving the integrity of judicial proceedings is always an overriding consideration, and in protecting the proper use of our courts it is not necessary for us to rely upon the diligence of the parties. We have recognized that the necessity for protecting the judicial process from fraud upon the court by one or more of the parties or their counsel may be ground for suspending the use of res judicata rules. See, Anderson v. Lyons, 226 Minn. 330, 32 N. W. (2d) 849; Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978; 30A Am. Jur., Judgments, § 358. The principles of laches must likewise yield where the reputation and integrity of the court is at stake.[4]

A judgment may be set aside at any time for afterdiscovered fraud upon the court. Where a court is misled as to material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair, the court has inherent power to vacate for fraud and that power includes as well the power to modify. Anderson v. Lyons, *supra;* Schmitz v. Martin, *supra;* Dausuel v. Dausuel, 90 App. D. C. 275, 195 F. (2d) 774; Hazel-Atlas Glass Co. v. Hartford-Empire Co. 322 U. S. 238, 64 S. Ct. 997, 88 L. ed. 1250; Goetz v. Gunsch (N. D.) 80 N. W. (2d) 548.

It is recognized that the mere failure to disclose to an adversary, or the court, matters which would defeat a party's claim or defense is not

---

[4]This court has always been reluctant to apply the doctrine of laches to preclude a defrauded person from his remedy. See, 10 Dunnell, Dig. (3 ed.) § 5351(3), and cases cited. This is especially true in cases of fraud upon the court. Berg v. Berg, 227 Minn. 173, 34 N. W. (2d) 722. Moreover, the record before us does not indicate that the defendant was in any way prejudiced by the plaintiffs' delay in seeking their remedy. Prejudice to the other party must be shown before laches will apply to preclude a party from a remedy. Steenberg v. Kaysen, 229 Minn. 300, 39 N. W. (2d) 18.

such extrinsic fraud as will justify or require a vacation of the judgment. However, courts are constituted to decide actual questions existing between real parties involved in a real controversy and the submission of anything but a real controversy is recognized judicially as a fraud upon the court. Judson v. Flushing Jockey Club, 14 Misc. 350, 36 N. Y. S. 126; Lord v. Veazie, 49 U. S. (8 How.) 251, 12 L. ed. 1067.

As applied to the issue presented in this case, we do not hesitate to say that where a party intentionally misleads or deceives the court as to the identity of a litigant and permits the court to waste its time on the trial of an action against a nonexisting party, such conduct constitutes a fraud upon the court. It should be made clear, however, that the record before us does not establish as a matter of law that the attorneys for the defendants deceived or misled the court. It may well be that the defense was originally undertaken as a routine matter without knowing at the time that the defendant for which they appeared did not exist. The record does, however, raise an issue as to whether or not the court was misled by the conduct of the true defendants, their insurers, and their attorneys. Accordingly the matter must go back to the trial court for a further finding on that issue.

In fairness to the trial court, and to defendants' counsel, it should be observed that it is not clear from the record that the charge of fraud which has been stressed by the plaintiffs before this court was squarely raised or considered on the motion below. We are of the view, however, that the showing made in support of the plaintiffs' motion to modify the judgment, taken as a whole, should be construed as alleging circumstances from which, *if proved*, an issue of fact is raised as to whether or not there was a fraud committed upon the court.[5] It is apparent that by the proceedings for the purpose of discovery plaintiffs' counsel attempted to establish that the conduct of the attorneys for the defendants misled and deceived the court.

As we have indicated, depositions were taken by the plaintiffs pursuant to Rule 26 of Rules of Civil Procedure for the purpose of

---

[5]Since the filing of the original opinion, the trial court, subsequent to remittitur herein, has filed a memorandum expressing its opinion that no fraud was voluntarily practiced upon the trial court by defendants' counsel.

discovery in support of their motion to amend the judgments. Certain attorneys for the defendants who participated in the defense of this action were called to testify on deposition. They refused to answer questions which related to their participation in the original and subsequent actions or to the identity of the parties whom they represented.

As a ground for refusing to answer the questions addressed to them, the attorneys for the defendants assert that under Rule 26.02 witnesses may be examined regarding matters not privileged which are "relevant to the subject matter involved in the *pending action,* * * *." (Italics supplied.) They argue that, since the subject matter of the examination relates to a judgment entered in an action which is no longer pending, there is no authority for the taking of the deposition for discovery or use as evidence in support of the motion to amend such judgment.

It has long been the law in this state that "When an action is begun it shall be deemed pending until the final judgment therein has been satisfied." M. S. A. 1949, § 541.12; Lough v. Pitman, 25 Minn. 120. The statute just quoted has been superseded by Rule 3.01. 1 Youngquist & Blacik, Minnesota Rules Practice, p. 22. The latter rule refers to "Commencement of the Action" but makes no reference to the period during which the action shall be "deemed pending." As we view the provisions of Rule 26.02, however, we think the term "action" as used therein should be given a comprehensive meaning so as to apply to any remedy which the law gives a party. Whether the proceeding before us be viewed as a proceeding incidental to an action in which the judgment was entered, or an independent action in equity to modify the judgment, we think that Rule 26.02 applies so as to give the plaintiff the right to take the testimony of the witnesses for the purpose of discovery or use as evidence in support of their motion to amend the judgment. Accordingly the attorneys for the defendants should have been required to answer such questions as were directed to them bearing on the subject matter of the motion, namely, the identity of the defendant in whose behalf they acted in the trial of the action in which plaintiffs' judgments were obtained and in proceedings subsequent thereto.

■ Defendants contend that the order of the court denying the plaintiffs' motion to modify the judgment is not an appealable order and ask that the appeal be dismissed. In answer to this objection it need

only be said that the order is a final order affecting a substantial right in a summary application in an action after judgment and is also a final order involving the merits. Accordingly the order is appealable under M. S. A. 605.09(3, 7); Nelson v. Auman, 221 Minn. 46, 20 N. W. (2d) 702; Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 95 N. W. 320; Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 324, 333, 334, 359.

In view of the observations set forth in this opinion a discussion of other points raised in the briefs is not necessary.

Reversed.