Virgil BRADLEY, Plaintiff–Appellant,

v.

The BOARD OF TRUSTEES OF WASH-
INGTON TOWNSHIP, DUBUQUE
COUNTY, Iowa, and Kenneth Pancratz,
Gerald Arensdorf, and Delbert Bradley,
Trustees of Washington Township, De-
fendants–Appellees,

Gerald Arensdorf and Rita
Arensdorf, Intervenors.

No. 87–732.

Court of Appeals of Iowa.

April 20, 1988.

Michael A. Stapleton, Dubuque, for plain-
tiff-appellant.

Fred McCaw, Dubuque County Atty., for
defendant-appellee Board of Trustees of
Washington County.

Heard by OXBERGER, C.J., and
DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Plaintiff appeals from the district court's
rejection of his recast petition for writ of
certiorari seeking to set aside the fence
viewers' decision in November 1982 con-
cerning plaintiff's and intervenors' respon-
sibility for maintenance of a fence. We
reverse.

A fence running north and south sepa-
rates the farm properties of Virgil Bradley
and the intervenors, Gerald and Rita Ar-
ensdorf. Prior to 1982, the Arensdorfs
were responsible for the middle portion of
the fence while Bradley was responsible
for either end. The Arensdorfs were also
required to maintain a flood gate located
within the middle portion of the fence. The
Arensdorfs petitioned the township trust-
ees (fence viewers) to change this arrange-
ment. The trustees decided, in November
1982, to increase the portion Bradley had to
maintain on the north end, which included
half of the flood gate, while decreasing
Bradley's responsibility on the southern
end of the fence. Bradley did not appeal
this decision to district court.

In September 1983, Bradley filed a writ
of certiorari claiming that despite his pres-
ence at the 1982 hearing, he was not prop-
erly notified of the time for viewing the
subject area, pursuant to Iowa Code sec-
tion 113.1, and further alleged he received

no notice of the 1982 decision until September of 1983.

After a second viewing in September 1984, the fence viewers declared their November 1982 decision void due to misrepresentation of facts made to them at the time of their original decision and reinstated the original arrangement concerning fence maintenance. The Arensdorfs appealed and the district court vacated the fence viewers' decision based on principles of res judicata and collateral estoppel and reinstated the November 1982 decision in April 1985.

In November 1985, Bradley recast his initial 1983 writ of certiorari petition and alleged that the initial 1982 decision was improper since the trustees did not view the entire length of the fence and relied on misrepresentations of the fence's condition by the Arensdorfs. Bradley's main complaint is that the 1982 decision caused him great expense since the fence he became responsible for was in disrepair while the fence the Arensdorfs gained was in good repair. The district court rejected Bradley's argument and Bradley has appealed.

Our scope of review is for the correction of errors at law. Iowa R.App.P. 4.

Bradley's contention on appeal is that the Arensdorfs misrepresented the condition of the fence at the 1982 hearing. Because of the Arensdorfs' material misrepresentation, he argues the principles of res judicata and issue preclusion do not apply to bar this action.

The record before us is replete with evidence of material misrepresentations made by the Arensdorfs at the time the first viewing of the area in question took place. Based on what the Arensdorfs told the trustees (outside the presence of Bradley), the trustees believed that the condition of Bradley's portion of the fence was also in poor repair and that the length of the fence maintained by Bradley was the same as maintained by the Arensdorfs. The trustees testified that the 1982 judgment would not have been made had they known of the true facts upon which they were misled. Their decision changed upon a second viewing in 1984, at which time they inspected the entire fence, as opposed to only a portion of it in 1982. In addition, the trustees in their answer to Bradley's recast petition, admitted the following:

7. The decision of 3 November 1982 was procured by the misrepresentations made to the fence viewers by Gerald Arensdorf pertaining to the extent and condition of the portions of the fence which had been the responsibility of Plaintiff and of the Arensdorfs.

8. The decision of 3 November 1982 would not have been made by the fence viewers but for the misrepresentations by Arensdorf.

9. The misrepresentations were not known to the fence viewers until the proceeding held on or about 6 September 1984, and which discovery caused the fence viewers to enter the Order of that date.

The trustees in this case served as quasi-judicial officers when they were acting as fence viewers. *Pickerell v. Davis,* 164 Iowa 576, 580, 146 N.W. 34, 36 (1914). Where a decision-making authority is misled as to material circumstances resulting in a judgment which would not have been given if the whole conduct of the case had been fair, that authority has the power to vacate for fraud and modify the decision. *Halloran v. Blue & White Liberty Cab Co.,* 253 Minn. 436, 442, 92 N.W.2d 794, 798 (1958). Thus, the use of res judicata rules may be suspended. *Id.* Where fraud is asserted as a ground for vacating judgment, it must be extrinsic fraud. *In re Marriage of Bauder,* 316 N.W.2d 697, 699 (Iowa App.1981). A finding of extrinsic fraud as a ground for vacating a judgment must be supported by clear, unequivocal, and convincing evidence and, at the very least, require a showing of fault, willfulness, or bad faith. *Miller v. AMF Harley-Davidson Motor Co., Inc.,* 328 N.W.2d 348, 353 (Iowa App.1982). A fraudulent concealment of facts which would have caused the judgment not to have been rendered will constitute extrinsic fraud, *Scheel v. Superior Mfg. Co.,* 249 Iowa 873, 883–84, 89 N.W.2d 377, 384 (1958), citing *State v. Vincent,* 152 Or. 205, 209, 52 P.2d 203, 205

(1935). Extrinsic fraud is some act or conduct of the prevailing party which has prevented a fair submission of the controversy. *Stearns v. Stearns,* 187 N.W.2d 733, 735 (Iowa 1971).

We find, contrary to the district court, that Bradley has met his burden in proving there was a misrepresentation as to a material circumstance intentionally made and relied upon at the time of the original decision. The Arensdorfs misled the fence viewers in the first viewing held in 1982, causing them to render an incorrect decision at that time. To not allow the fence viewers the opportunity to modify their own decision upon a finding of material misrepresentation upon which they relied would be patently unfair to Bradley. As such, we reverse the decision of the district court and reinstate the September 1984 decision of the fence viewers.

REVERSED.