972 P.2d 725

**Suzanne Jane FARROW,**
**Plaintiff–Appellee,**

v.

**DYNASTY METAL SYSTEMS, INC., a**
**Hawai'i corporation, Defendant–**
**Appellant.**

**No. 21391.**

Intermediate Court of Appeals of Hawai'i.

Jan. 20, 1999.

Sidney Michael Quintal, Honolulu, on the brief, for defendant-appellant.

Francis L. Jung, Jung & Vassar, P.C., a Law Corporation, Washington, DC, on the brief, for plaintiff-appellee.

Before BURNS, C.J., ACOBA, and KIRIMITSU, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Dynasty Metal Systems, Inc., appeals the April 6, 1998 Amended Final Judgment in Favor of Plaintiff Suzanne Jane Farrow and Against Defendant Dynasty Metal Systems, Inc. We affirm.

The corporation, originally named as the defendant in this case, was the following nonexisting corporation: "Dynasty Metal Systems Co., Inc., a Hawaii corporation." While this case was in process, Farrow and "Dynasty Metal Systems Co., Inc." agreed to arbitration. The arbitrator's award is in favor of Farrow and against "Dynasty Metal Systems Co., Inc." The circuit court's order confirming the arbitrator's award and judgment were entered against "Dynasty Metal Systems Co., Inc." After the circuit court found, based on the evidence, that (a) "Dynasty Metal Systems Co., Inc." did not exist; (b) the correct name of the intended defendant was "Dynasty Metals Systems, Inc.";

and (c) Dynasty Metals Systems, Inc., knew of the mistake and actually participated as the defendant in the case, the circuit court *sua sponte* ordered a name change *nunc pro tunc* and entered an amended order confirming the arbitrator's award and an amended judgment.

Dynasty Metal Systems, Inc.'s two points on appeal are (1) "that the trial court has no authority to change the names in a[n] arbitration award" and (2) even if it has such authority, it has no authority to do so *sua sponte.* We conclude that both points are without merit.

## BACKGROUND

This case began when Plaintiff Suzanne Jane Farrow (Farrow) sued "Dynasty Metal Systems Co., Inc., a Hawaii corporation." Farrow and "Dynasty Metal Systems Co., Inc." subsequently agreed to submit all of their disputes to binding arbitration. The Binding Arbitration Decision states in relevant part as follows:

> The binding arbitration award is entered as follows:
>
> Farrow's claims for slander of title, abuse of process, and malicious prosecution are denied; her claim for damages because of Dynasty [Metal Systems Co., Inc.]'s breach of contract is partially granted in the amount of $24,787.18.
>
> Dynasty [Metal Systems Co., Inc.]'s counterclaims for breach of agreement and negligence are denied.

On January 26, 1996, Farrow filed a Motion for Confirmation of Arbitration Award and Entry of Final Judgment. On April 3, 1996, "Defendant DYNASTY METAL SYSTEMS CO., INC., a Hawaii corporation, above-named, by and through its counsel, Sidney Michael Quintal" filed its Motion to Reconsider and Objection to Plai[n]tiff[']s Submis[s]ion. On April 3, 1996, the circuit court entered its Order Granting Plaintiff's Motion for Confirmation of Arbitration Award and Entry of Final Judgment Filed Herein on January 26, 1996.

On May 20, 1996, the circuit court entered its Final Judgment in Favor of Plaintiff Suzanne Jane Farrow and Against Defendant Dynasty Metal Systems Co., Inc.

After a hearing pertaining to Farrow's September 4, 1996 Motion for Rule 11 Sanctions and the cross-motion by "Dynasty Metal Systems Co., Inc.," the circuit court entered its February 9, 1998 Findings of Fact and Conclusions of Law; Order in relevant part as follows:

### FINDINGS OF FACT

\* \* \*

10. At the time Civil No. 90–312K was filed with this Court in 1990, Mr. Quintal "... had figured out that [plaintiff's counsel] was probably ... just negligent, careless, and used [']Co.['] by mistake ... so [he] didn't make a big deal in [sic] it at the time [he] filed the Motion to Dismiss." ...

\* \* \*

12. Mr. Quintal "... knew at all times from Civil No. 90–312K that the target defendants [sic] in reality was Dynasty Metal Systems, Inc." ...

13. Mr. Quintal's clients were aware that the wrong name was used in describing the corporate defendant in Civil No. 90–312K. Mr. Quintal stated that "... [a]t the time they were trying to get two, half million dollars awards, and we decided—my clients and I decided to be cautious and to defend on the merits as if Ms. Farrow has sued the right—had named the right party without the typographical error...."

14. From December 18, 1990, until August 6, 1996, Plaintiff's ... and Defendant's counsel (Mr. Quintal), hundreds of times interchangeably used DYNASTY METAL SYSTEMS CO., INC. with DYNASTY METAL SYSTEMS, INC. in various correspondence and legal documents in this and other related cases....

\* \* \*

There are also many instances in this and other related cases ... when Mr. Quintal inaccurately stated on pleadings he was counsel for DYNASTY METAL SYSTEMS CO[.], INC.;....

15. On September 1, 1995, Mr. Quintal, and Ron Rietfors, on behalf of "DYNASTY METAL SYSTEMS, [CO.] INC." signed and filed with this Court a written Stipulation Nunc Pro Tunc March 15, 1995 to submit claims to binding arbitration.

16. Fritz Rietfors, Jr. and Ron Rietfors are President and Vice–President of DYNASTY METAL SYSTEMS, INC., and were present at all hearings, along with counsel Mr. Quintal, in this case.

\* \* \*

18. On August 12, 1996, during a hearing to examine persons having knowledge of the judgment debtor under the arbitration award, Mr. Ron Rietfors and Mr. Fritz Rietfors, Jr. stated DYNASTY METAL SYSTEMS CO., INC. never existed.

\* \* \*

*CONCLUSIONS OF LAW*

\* \* \*

9. In addition to [Hawai'i Rules of Civil Procedure] Rule 11 sanctions, [Hawai'i] trial courts also have inherent equity, supervisory, and administrative powers as well as inherent power to create remedies for wrongs, to control the litigation process, to curb abuses, and to promote fair process. *Richardson vs. Sport Shinko (Waikiki Corp.)*, 76 [Hawai'i] 494 [880 P.2d 169] (1994).

\* \* \*

11. All parties and counsel referred to DYNASTY METAL SYSTEMS, INC. when they incorrectly used the term DYNASTY METAL SYSTEMS CO., INC.

\* \* \*

*ORDER*

\* \* \*

IT IS FURTHER ORDERED that counsel for Plaintiff prepare an Amended Order Confirming Arbitration Award and Entry of Final Judgment reflecting the correct name of Defendant DYNASTY METAL SYSTEMS, INC., nunc pro tunc to the effective date of the Order Confirming Arbitration Award.

IT IS FURTHER ORDERED that an Amended Judgment reflecting the correct name of Defendant DYNASTY METAL SYSTEMS, INC., nunc pro tunc to the effective date of the Judgment, be prepared by Plaintiff's counsel.

IT IS FURTHER ORDERED that the "Co." in the Defendant's name in all pleadings filed in this case be stricken.

Pursuant to Findings of Fact, Conclusions of Law; Order, the circuit court, on April 6, 1998, entered its (1) Amended Order Granting Plaintiff's Motion for Confirmation of Arbitration Award and Entry of Final Judgment Filed Herein on January 26, 1996 (Amended Confirmation Order) and (2) Amended Final Judgment in Favor of Plaintiff Suzanne Jane Farrow and Against Defendant Dynasty Metal Systems, Inc.

### DISCUSSION

▆ The first question presented by this appeal is whether, assuming Farrow had applied for such a change, the circuit court was authorized to change the name of the defendant when it confirmed the arbitrator's award. The answer is yes.

Hawai'i Revised Statutes (HRS) § 658–10 (1993) grants the courts limited authority to modify an arbitrator's award. HRS § 658–10 states as follows:

**Modifying or correcting award.** In any of the following cases, the court may make an order modifying or correcting the award, upon the application of any party to the arbitration:

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award;

(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;

(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.

The order may modify and correct the award so as to effect the intent thereof, and promote justice between the parties.

In this case there was an evident mistake in the name of the defendant. The name of the defendant should have been "Dynasty Metal Systems, Inc." HRS § 658–10(1) specifies that this mistake is a ground for the modification of an award. HRS § 658–10(1) authorized the court to do what it did "upon the application of any party to the arbitration[.]"

▮▮▮ The second question is whether the court had the authority to do what it did *sua sponte* without any request by any party to the arbitration. The answer is yes. In Hawaiʻi,

> courts have inherent equity, supervisory, and administrative powers as well as inherent power to control the litigation process before them. Inherent powers of the court are derived from the state Constitution and are not confined by or dependent on statute. Among courts' inherent powers are the powers "to create a remedy for a wrong even in the absence of specific statutory remedies[,]" and "to prevent unfair results." The courts also have inherent power to curb abuses and promote a fair process which extends to the preclusion of evidence and may include dismissal in severe circumstances. It follows that if the trial court has the inherent power to level the "ultimate sanction" of dismissal, it necessarily has the power to take all reasonable steps short of dismissal, depending on the equities of the case.

*Richardson v. Sport Shinko (Waikiki Corp.),* 76 Hawaiʻi 494, 507, 880 P.2d 169, 182 (1994) (citations omitted).

In the instant case, the court merely corrected the name of the incorrectly named defendant in order to reflect the defendant's correct name and with the sole purpose of curbing abuse and promoting a fair process. To allow Dynasty Metal Systems, Inc., or other similarly situated parties to escape judgment as a reward for misleading the

court would neither curb abuse nor promote a fair process.

Our decision is supported by *Halloran v. Blue & White Liberty Cab Co.,* 253 Minn. 436, 92 N.W.2d 794 (1958). That case started with an accident involving the plaintiffs' car and a Blue & White Liberty Cab. The plaintiffs sued and named the Blue & White Liberty Cab Co., Inc., a nonexisting corporation, as the defendant. Attorneys for the insurer of Earl Knoph (Knoph), dba the Blue & White Liberty Cab Co., appeared and defended the named defendant, Blue & White Liberty Cab Co., Inc. Knoph testified at the trial. It was not until entry of the judgment in the plaintiff's favor that the plaintiffs realized their error. Eventually, the plaintiffs moved to amend the judgment to establish Knoph as the true judgment debtor. The Supreme Court of Minnesota reversed the trial court's denial of the plaintiffs' motion and concluded in relevant part as follows:

> The necessity of preserving the integrity of judicial proceedings is always an overriding consideration, and in protecting the proper use of our courts it is not necessary for us to rely upon the diligence of the parties. We have recognized that the necessity for protecting the judicial process from fraud upon the court by one or more of the parties or their counsel may be ground for suspending the use of res judicata rules. The principles of laches must likewise yield where the reputation and integrity of the court is at stake.

> A judgment may be set aside at any time for after-discovered fraud upon the court. Where a court is misled as to material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair, the court has inherent power to vacate for fraud and that power includes as well the power to modify.

> It is recognized that the mere failure to disclose to an adversary, or the court, matters which would defeat a party's claim or defense is not such extrinsic fraud as will justify or require a vacation of the judgment. However, courts are constituted to decide actual questions existing between real parties involved in a real controversy

and the submission of anything but a real controversy is recognized judicially as a fraud upon the court.

As applied to the issue presented in this case, we do not hesitate to say that where a party intentionally misleads or deceives the court as to the identity of a litigant and permits the court to waste its time on the trial of an action against a nonexisting party, such conduct constitutes a fraud upon the court.

*Id.* at 798 (citations and footnotes omitted). We agree with the Minnesota Supreme Court.

## CONCLUSION

Accordingly, we affirm the April 6, 1998 Amended Final Judgment in Favor of Plaintiff Suzanne Jane Farrow and Against Defendant Dynasty Metal Systems, Inc.