*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1745**

Brittany Ann Vacko, petitioner,
Appellant,

vs.

Rebecca Lee Treptow,
Respondent.

**Filed July 5, 2016
Affirmed
Halbrooks, Judge**

Ramsey County District Court
File No. 62-HR-CV-14-92

Brittany Vacko, Forest Lake, Minnesota (pro se appellant)

Matthew Veenstra, Ross Orenstein & Baudry LLC, Minneapolis, Minnesota (for
respondent)

Considered and decided by Worke, Presiding Judge; Halbrooks, Judge; and Smith,

Tracy M., Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the district court's decision to vacate a harassment

restraining order (HRO) against respondent, arguing that the record does not support the

district court's finding that the HRO was procured by acts of fraud upon the court and that the doctrines of collateral estoppel and res judicata barred such a finding. We affirm.

## FACTS

On February 27, 2014, appellant Brittany Ann Vacko petitioned for an HRO against respondent Rebecca Lee Treptow. The petition alleged that Treptow followed, pursued, or stalked Vacko; made harassing phone calls; frightened Vacko with threatening behavior; took pictures of Vacko without her permission; and cyber-bullied Vacko on the Internet. Based on the allegations, the district court granted Vacko an HRO against Treptow for two years. In response, Treptow requested and received an HRO hearing.

The district court held a hearing on June 19, 2014. Vacko testified that Treptow's harassing behavior arose from an attempt by Treptow's twin sister to "pursue" the man who is now Vacko's husband. Vacko testified that Treptow drove by her home several times and that Treptow made threatening phone calls during which she called Vacko offensive names and stated that she had a gun. Vacko testified that she put a "tracer" on Treptow's phone and traced the calls back to Treptow. Vacko admitted a log of phone calls into evidence at the hearing, which she claimed showed phone calls originating from a number belonging to Treptow.

After hearing testimony from both parties and receiving exhibits into evidence, the district court concluded that there were reasonable grounds to find that Treptow had harassed Vacko. The district court found that Treptow drove by Vacko's home on numerous occasions, made multiple phone calls to Vacko during which she called Vacko

2

offensive names, and threatened Vacko with a gun. Based on these findings, the district court granted the HRO to Vacko for two years.

On June 20, 2014, Treptow moved to vacate the HRO, alleging that Vacko "committed fraud, fabricated evidence and perjured herself on the stand." On August 5, 2014, the district court denied Treptow's motion, concluding that Treptow "didn't meet her burden to vacate the harassment restraining order under Minn. R. Civ. P. 60.02."

During this time period, Treptow was on probation for an unrelated matter. On November 5, 2014, the state filed a probation-violation allegation against Treptow, alleging that, based on the HRO, she violated the condition of her probation that she engage in no harassing behavior. In February 2015, the Ramsey County Sheriff's Department conducted an investigation regarding the HRO and submitted the findings to the Ramsey County Attorney's Office for review of possible perjury charges against Vacko. On March 10, 2015, the Anoka County Attorney's Office dismissed the probation-violation allegation against Treptow due to the pending perjury investigation against Vacko.

On March 13, 2015, Treptow again moved to dismiss the HRO, alleging that Vacko "committed forgery and perjury in order to obtain it." In support of her motion, she attached her own affidavit and several exhibits, including the state's dismissal of the probation-violation allegation due to the perjury investigation against Vacko and a police report from the Ramsey County Sheriff's Department regarding the perjury investigation. The district court denied Treptow's motion.

3

On March 24, 2015, Treptow moved for relief from the HRO under Minn. R. Civ. P. 60.02 on the basis of fraud, again submitting exhibits supporting her allegations that Vacko obtained the HRO through perjury. On April 3, 2015, the state charged Vacko with perjury for her testimony at the June 19 HRO hearing and with forgery for the log of phone calls that she admitted at the hearing. The criminal complaint alleged that the log of phone calls that Vacko introduced at the hearing was a forgery and that the phone number Vacko claimed to have traced to Treptow did not belong to Treptow. Treptow submitted the complaint to the district court along with her memorandum supporting her motion to vacate the HRO based on Vacko's fraud upon the court.

On August 13, 2015, the district court vacated the HRO, concluding that Treptow "established that the order issued on June 19, 2014 was procured by numerous acts of fraud upon the [c]ourt by [Vacko]." Vacko moved to reopen the case based on lack of service of the August 13 order. The district court granted the motion to reopen based on lack of service and again vacated the HRO because Treptow "established that the harassment restraining order should be dismissed based upon fraud [upon the court]." This appeal follows.

**D E C I S I O N**

Vacko argues that there was insufficient evidence to support the district court's finding that she committed fraud upon the court. The Minnesota Supreme Court has held:

> A judgment may be set aside at any time for after-discovered fraud upon the court. Where a court is misled as to material circumstances, or its process is abused, resulting

4

> in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair, the court has inherent power to vacate for fraud and that power includes as well the power to modify.

*Halloran v. Blue & White Liberty Cab Co.*, 253 Minn. 436, 442, 92 N.W.2d 794, 798 (1958).  A district court's finding of fraud upon the court will not be disturbed unless it is clearly erroneous.  *See In re Welfare of C.R.B.*, 384 N.W.2d 576, 580 (Minn. App. 1986), *review denied* (Minn. May 29, 1986).

The district court had ample evidence to support its finding that Vacko obtained the HRO through acts of fraud upon the court.  The result of the investigation and the subsequent criminal complaint against Vacko demonstrated to the district court that the state had probable cause to charge Vacko with perjury and forgery for her actions at the HRO hearing.  Because the state had probable cause to believe that Vacko lied about tracing the phone number to Treptow and that she forged the log of phone calls that she admitted into evidence, the district court's finding that Vacko procured the HRO by fraud upon the court is not clearly erroneous.

Vacko argues that the district court should have denied Treptow's motion to vacate the HRO based on the doctrines of collateral estoppel and res judicata.  Whether collateral estoppel bars litigation of an issue is a mixed question of fact and law, which we review de novo.  *Care Inst., Inc.-Roseville v. County of Ramsey*, 612 N.W.2d 443, 446 (Minn. 2000).  To apply collateral estoppel, the following elements must be satisfied:

> 1) the issue must be identical to one in a prior adjudication; 2) there was a final judgment on the merits; 3) the estopped party was a party or was in privity with a party to the prior

5

adjudication; and 4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Id.* at 448.

Whether res judicata precludes litigation of a claim is a question of law, which we review de novo. *Id.* at 446. To apply res judicata, the following elements must be satisfied: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).

Vacko argues that the doctrines of collateral estoppel and res judicata precluded the district court from vacating the HRO because the district court had previously denied Treptow's motions to vacate the HRO based on Vacko's alleged perjury. But the district court denied Treptow's earlier motions before the state charged Vacko with perjury and forgery for her actions at the HRO hearing. After the state filed charges against Vacko, the circumstances surrounding Treptow's allegations changed. The criminal complaint demonstrated to the district court that Vacko had committed fraud upon the court because the state had found probable cause to charge Vacko with perjuring herself at the HRO hearing and admitting a forged document into evidence. Because of the newly filed criminal complaint, the issue of Vacko's alleged fraud upon the court was no longer identical to Treptow's earlier allegations and the claim no longer involved the same set of factual circumstances. The doctrines of collateral estoppel and res judicata therefore do not apply. Moreover, a district court has inherent power to set aside a judgment "at any

6

time for after-discovered fraud upon the court." *Halloran*, 253 Minn. at 442, 92 N.W.2d at 798. Because the district court had sufficient evidence to find that Vacko procured the HRO by numerous acts of fraud upon the court, it was within its inherent power to vacate the HRO.

**Affirmed.**